Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Bradley A. Chapin (State Bar No. 232885)
bchapin@rutan.com
Kathryn D.Z. Domin (State Bar No. 274771)
kdomin@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone:   714-641-5100
Facsimile:    714-546-9035

Alexander Chen (State Bar No 245798)
William R. Walz (State Bar No 136995)
Katja M. Grosch (State Bar No 266935)
Theodore S. Lee (State Bar No 281475)
INHOUSE CO. LAW FIRM
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone:   949-250-1555
Facsimile:    714-882-7770

Attorneys for Defendants and Counter-Claimants, Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry Co., Ltd.; Yiwu Xite Jewelry Co., LTD.; CJ Fulfillment Corp.; CJ Trade Corp.; and Yiwu Promotional Trade Co., LTD (aka Yiwu Promotion Trade Co., LTD.), Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry Co., Ltd.; CJ Fulfillment Corp.; and CJ Trade Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>ANDY CHOU (aka LIZHI ZHOU), an individual; YIWU CUTE JEWELRY CO., LTD., a Chinese limited company; YIWU XITE JEWELRY CO., LTD., a Chinese limited company; CJ FULFILLMENT CORP., a California corporation; CJ TRADE CORP., an Arizona corporation; and YIWU PROMOTIONAL TRADE CO., LTD. (aka YIWU PROMOTION TRADE CO., LTD.), a Chinese limited company,<br><br>          Defendants. | Case No.: 2:21-cv-03056-DSF-PD<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF PLAINTIFF WITNESSES 1, 2 AND 3 SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing:    May 26, 2021<br>Time:       10:10 a.m. PDT<br><br>**Honorable Dale S. Fischer** |

-1-

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF
WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | ANDY CHOU (aka LIZHI ZHOU), an individual, YIWU CUTE JEWELRY CO., LTD., a Chinese limited company; CJ FULFILLMENT CORP., a California corporation; and CJ TRADE CORP., an Arizona corporation,<br><br>        Counter-Claimants,<br>  vs.<br>HU QIAN, an individual,<br>        Counter-Defendant.<br>_____ |

Defendants Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry Co., Ltd.; CJ Fulfillment Corp.; and CJ Trade Corp. (collectively "Defendants") submit the following Evidentiary Objections to the Declaration of Witnesses 1, 2 and 3 filed in support of Plaintiff's Motion For Preliminary Injunction.

## OBJECTIONS TO DECLARATION OF WITNESS 1

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| 1.  Witness 1 declaration, ¶19, page 4, lines 5-7: "Defendants trade off the goodwill associated with the JUUL Marks and deceive customers into believing their products were manufactured by JLI, resulting in harm to the consumer and JLI. | Improper legal conclusion. Lacks foundation. No personal knowledge. Speculation. | Sustained: ____<br>Overruled: ____ |
| 2.  Witness 1 declaration, ¶19, page 4, lines 9-14: "The purported JUUL products that Defendants advertise, offer for | Vague and ambiguous as to "Defendants." Improper legal conclusion. | Sustained: ____<br>Overruled: ____ |

-2-

793/099999-0084<br>16501894.2 a05/17/21

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

Rutan & Tucker, LLP
attorneys at law

| | Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|---|
| | sale, and sell and distribute are not genuine JUUL products, but they are confusingly similar to JLI's genuine JUUL products. They also bear counterfeit and identical or confusingly similar imitations of the JUUL Marks, when in fact, Defendants' purported JUUL products are not manufactured by JLI or anyone authorized by JLI." | | |
| 3. | Witness 1 declaration, ¶20, page 4, lines 15-21: ". . . the functionality, performance, and safety of these products is unknown. JLI has no control over the design, manufacturing, and packaging of Defendants' products and has no way of testing the safety of these products. Defendants' products are not subjected to JLI's quality-control standards and testing. These products may be manufactured with unknown foreign substances and materials that users and those around them are then inhaling and are otherwise exposed to." | Lacks foundation. No personal knowledge. Speculation. Vague and ambiguous with respect to the term "Defendants." | Sustained: ___ Overruled: ___ |
| 4. | Witness 1 declaration, ¶21, page 4, lines 22-24: "Defendants' conduct harms JLI's customers who are deceived and receive counterfeit products which are at risk of being lower quality, less reliable, | Improper legal conclusion. Lacks foundation. No personal knowledge. Speculation. Vague and ambiguous with respect to the | Sustained: ___ Overruled: ___ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-3-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF
WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| and less safe than the high-quality and reliable genuine JUUL products they expect." | term "Defendants." | |
| 5.   Witness 1 declaration, ¶22, pages 4-5, lines 25-2: "Defendants' conduct also harms JLI because consumers and the public are likely to associate any negative or unsafe qualities of these inauthentic products with JLI and the JUUL Marks. This damages the JUUL brand and reputation JLI has worked to build, and also deprives JLI of legitimate sales and revenue. As a result, JLI suffers substantial and irreparable harm to its brand, image, likeness, business, and goodwill with the public." | Improper legal conclusion. Lacks foundation. No personal knowledge. Speculation. Vague and ambiguous with respect to the term "Defendants." | Sustained: ____ Overruled: ____ |
| 6.   Witness 1 declaration, ¶23, page 5, lines 3-15: "JLI has encountered examples of counterfeit JUUL products that posed potential risks to consumers and clear risks to JLI's and the JUUL brand's reputation and goodwill. For example, in November 2019, in the port of St. Louis, U.S. Customs and Border Protections officers seized 2,379 counterfeit JUULpods heading to Columbia, Missouri. As stated in the press release, 'Authentic Juulpods follow strict guidelines. The pods in [sic] U.S. are produced | Irrelevant. Lacks foundation. No personal knowledge. Speculation. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-4-

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| in regulated facilities, and the manufacturing process and ingredients are regulated by the U.S. government. In contrast, counterfeit Juul products are manufactured overseas in unregulated and unsanitary facilities, and there is no way to verify the authenticity and safety of the electronic cigarette's ingredients.' *See* 'CBP Officers in St. Louis Seize Harmful Counterfeit Juul Pods' (Nov. 25, 2019), https://www.cbp.gov/newsroom/local-media-release/cbp-officers-st-louis-seizeharmful-counterfeit-juul-pods." | | |
| 7. Witness 1 declaration, ¶24, pages 5-6, lines 16-2: "Counterfeiters, especially those that are overseas and that advertise and sell their products primarily online, can be particularly difficult to curtail because it is almost impossible to completely shut down their counterfeiting operations, even with court intervention. When such counterfeiters receive notice from JLI, whether directly or through a legal process, they will often take down their websites and/or specific listings and promptly create new websites or listings for the same products, sometimes under new | Irrelevant. Lacks foundation. No personal knowledge. Speculation. | Sustained: ___ Overruled: ___ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-5-

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| seller names and identifications. Website hosting companies, like Amazon Web Services, are limited in their abilities to suspend the sale of counterfeit products, because the counterfeiters will often take the same aforementioned actions to keep selling the same products if and when the website hosting company disables the infringing listings or otherwise gives the counterfeiters notice that there is a problem.  In addition, many sellers of counterfeit products have multiple business name aliases on multiple third party web hosting sites, so even if one such business gets shut down, the sellers will continue to sell the counterfeit products under different business names." | | |
| 8.      Witness 1 declaration, ¶25, page 6, lines 5-10: "It can also be particularly difficult to recover any of the damages suffered by JLI as a result of counterfeiting, especially from counterfeiters that are overseas and that advertise and sell their products primarily online, because when such counterfeiters receive notice from JLI, whether directly or through a legal process, they will often move to hide their assets. JLI has experienced this multiple | Irrelevant.  Lacks foundation. No personal knowledge. Speculation. | Sustained: ___ Overruled: ___ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-6-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| times in the past in its efforts to combat counterfeiting." | | |

### OBJECTIONS TO DECLARATION OF WITNESS 2

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| 1. Witness 2 declaration, ¶3, page 1, lines 8-15: "I have determined that the purported JUUL Starter Kits and JUUL USB Charging Docks advertised by and purchased from Defendants (collectively, "Defendants") by [REDACTED] are counterfeit, in that they were not manufactured by JLI or anyone associated with JLI, as the purported JUUL USB Charging Docks, and the products sold in these purported JUUL Starter Kits exhibit characteristics that differ from genuine JLI products, lack elements that are inherent to genuine JLI products, and also include products that JLI has not sold direct to consumers in the U.S. since 2019." | Improper legal conclusion. Lacks foundation. | Sustained: ___ Overruled: ___ |
| 2. Witness 2 declaration, ¶7, page 1, lines 23-25: "As part of our investigation into potentially counterfeit JUUL products | Vague and ambiguous as to "Defendants." | Sustained: ___ Overruled: ___ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-7-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF
WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| being offered online, [REDACTED] from [REDACTED] made purchases from Defendants." | | |
| 3. Witness 2 declaration, ¶8, pages 1-2, lines 26-1: JLI found Defendants advertising and offering for sale 'JUUL Starter Kits' online, which included the following purported JUUL products: (a) JUUL Device; (b) USB Charging Dock; and (c) four JUULpods in Cool Mint, Virginia Tobacco, Crème Brulee, and Mango flavors." | Vague and ambiguous as to "Defendants." | |
| 4. Witness 2 declaration, ¶9 (in part), page 21, lines 5-7: "For each purchase of a suspect JUUL Starter Kit from Defendants, the product was delivered to an address in North Carolina or picked up from Defendants' warehouse in New Jersey." | Vague and ambiguous as to "Defendants." | Sustained: ___ Overruled: ___ |
| 5. Witness 2 declaration, ¶11 pages 2-3 lines 23-4: "I understand that [REDACTED] purchased a total of 135 JUUL Starter Kits and 5 JUUL USB Charging Docks from Defendants. I also understand that Defendants only shipped a total of 118 JUUL Starter Kits and 5 JUUL USB Charging Docks. Defendants sent 23 of | Vague and ambiguous as to "Defendants." | Sustained: ___ Overruled: ___ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-8-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| the suspect products to [REDACTED] in [REDACTED], all of which he then sent to me for inspection and analysis. Defendants sent 100 JUUL Starter Kits to their warehouse in New Jersey for pick-up. On August 20, 2020, the 100 JUUL Starter Kits sent to Defendants' warehouse in New Jersey were picked up by [REDACTED] from [REDACTED], and the U.S. Department of Homeland Security Investigations, Newark New Jersey – Field Office ("HIS")." | | |
| 6. Witness 2 declaration, ¶12 (in part), page 3, lines 6-6: "Specifically, I understand that [REDACTED] made the following purchases from Defendants:" | Vague and ambiguous as to "Defendants." | Sustained: ____ Overruled: ____ |
| 7. Witness 2 declaration, ¶13 (in part), page 3, lines 16-17: "On January 10, 2020, I received the 5 suspect JUUL Starter Kits and 5 suspect JUUL USB Charging Docks [REDACTED] ordered on October 7, 2019 from Defendants." | Vague and ambiguous as to "Defendants." | Sustained: ____ Overruled: ____ |
| 8. Witness 2 declaration, ¶15 (in part), page 4, lines 3-4: "On July 1, 2020, I received the 13 suspect JUUL Starter Kits | Vague and ambiguous as to "Defendants." | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-9-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF
WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| [REDACTED] ordered on April 8, 2020 from Defendants." | | |
| 9. Witness 2 declaration, ¶16 (in part), page 4, lines 15-17: "On August 26, 2020, I received detailed high resolution photographs of one sample from the 100 suspect JUUL Starter Kits [REDACTED] ordered on March 16, 2020 from Defendants." | Vague and ambiguous as to "Defendants." | Sustained: ___ Overruled: ___ |
| 10. Witness 2 declaration, ¶17 (in part), page 5, lines 3-5: "The suspect JUUL products sold by Defendants are clearly counterfeit, in that they were not manufactured by JLI, due to the many differences between them and authentic JUUL products." | Vague and ambiguous as to "Defendants." Improper legal conclusion. Lacks foundation. | Sustained: ___ Overruled: ___ |
| 11. Witness 2 declaration, ¶18, page 5, lines 19-23: "In summary, all of the products listed above and purchased from Defendants share various distinctive characteristics and/or lack distinctive characteristics that distinguish them from genuine products manufactured by JLI. It is therefore my firm conclusion that all of the suspect products sold by Defendants are counterfeit." | Vague and ambiguous as to "Defendants." Improper legal conclusion. Lacks foundation. | Sustained: ___ Overruled: ___ |

-10-

793/099999-0084
16501894.2 a05/17/21

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

Rutan & Tucker, LLP
attorneys at law

## OBJECTIONS TO DECLARATION OF WITNESS 3

| Material Objected to: | Grounds for Objection: | Court's Ruling: |
|---|---|---|
| 1.     Witness 3 declaration, ¶ 10, page 2, lines 4-7: "Chou is the sole owner, president, legal representative, agent, director, and shareholder of Defendants Yiwu Cute Jewelry Co., Ltd., Yiwu Xite Jewelry Co., Ltd., CJ Fulfillment Corp., CJ Trade Corp, and on information and belief, Yiwu Promotional Trade Co., Ltd. (aka Yiwu Promotion Trade Co., Ltd.)." | Lacks foundation.  No personal knowledge.  Speculation. | Sustained: ___ Overruled: ___ |
| 2.     Witness 3 declaration, ¶ 38, page 17, lines 21-23: "On July 30, 2020, I received confirmation, with photographs, that the shipment of one hundred (100) JUUL Starter Kits had arrived at CJ's warehouse in Cranbury, New Jersey." | Lacks foundation.  No personal knowledge. | Sustained: ___ Overruled: ___ |
| 3.     Witness 3 declaration, ¶ 39, page 17, lines 24-25: "CJ sent me the following photographs of the shipment at the New Jersey warehouse." | Lacks foundation.  Lacks authentication.  No personal knowledge. | Sustained: ___ Overruled: ___ |
| 4.     Witness 3 declaration, ¶ 42, page 20, lines 7-8: "During my investigation, Defendants advertised that they had inventory of over 10,000 JUUL Starter Kits at one time." | Vague and ambiguous as to "Defendants." | Sustained: ___ Overruled: ___ |

/ / /

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21

-11-
DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

Dated: May 17, 2021

RUTAN & TUCKER, LLP

By: */s/ Bradley A. Chapin*
    Bradley A. Chapin
    Attorneys for Defendants and Counter-Claimants, Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry Co., Ltd.; Yiwu Xite Jewelry Co., LTD.; CJ Fulfillment Corp.; CJ Trade Corp.; and Yiwu Promotional Trade Co., LTD (aka Yiwu Promotion Trade Co., LTD.)

-12-

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF WITNESSES 1, 2 & 3 ISO PLAINTIFF'S MOTION FOR PRELIMINARY INJ.

Rutan & Tucker, LLP
attorneys at law

793/099999-0084
16501894.2 a05/17/21