# EXHIBIT 24

Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Bradley A. Chapin (State Bar No. 232885)
bchapin@rutan.com
Kathryn D.Z. Domin (State Bar No. 274771)
kdomin@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Alexander Chen (State Bar No 245798)
William R. Walz (State Bar No 136995)
Katja M. Grosch (State Bar No 266935)
Theodore S. Lee (State Bar No 281475)
INHOUSE CO. LAW FIRM
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone: 949-250-1555
Facsimile: 714-882-7770

Attorneys for Defendants and Counter-Claimants,
Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry
Co., Ltd.; Yiwu Xite Jewelry Co., LTD.; CJ
Fulfillment Corp.; CJ Trade Corp.; and Yiwu
Promotional Trade Co., LTD (aka Yiwu Promotion
Trade Co., LTD.),

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY CHOU (aka LIZHI ZHOU), an individual; YIWU CUTE JEWELRY CO., LTD., a Chinese limited company; YIWU XITE JEWELRY CO., LTD., a Chinese limited company; CJ FULFILLMENT CORP., a California corporation; CJ TRADE CORP., an Arizona corporation; and YIWU PROMOTIONAL TRADE CO., LTD. (aka YIWU PROMOTION TRADE CO., LTD.), a Chinese limited company,<br><br>Defendants. | Case No.: 2:21-cv-03056-DSF-PD<br><br>**DECLARATION OF LYNN LEE IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION TO INCREASE ASSET FREEZE LIMIT PURSUANT TO THE COURT'S ORDER GRANTING JLI'S APPLICATION FOR A PRELIMINARY INJUNCTION**<br><br>Hearing: June 7, 2021<br>Time: 1:30 p.m.<br>Courtroom: 7D<br><br>**Honorable Dale S. Fischer** |

Case 2:21-cv-03056-DSF-PD Document 73-17 Filed 06/29/21 Page 2 of 10 Page ID #:1701

|   |   |
|---|---|
| 1 | ANDY CHOU (aka LIZHI ZHOU), an individual, YIWU CUTE JEWELRY |
| 2 | CO., LTD., a Chinese limited company; CJ FULFILLMENT CORP., a California |
| 3 | corporation; and CJ TRADE CORP., an Arizona corporation, |
| 4 | Counter-Claimants, |
| 5 | vs. |
| 6 | HU QIAN, an individual, |
| 7 | Counter-Defendant. |

## DECLARATION OF LYNN LEE

I, LYNN LEE, hereby declare as follows:

1. I am a resident of the People's Republic of China. I am over the age of 18. I make this declaration support of defendants Andy Chou ("Chou"), Yiwu Cute Jewelry Co., Ltd., CJ Fulfillment Corp., and CJ Trade Corp.'s (collectively, "CJ," and together with Chou, "Defendants") opposition to plaintiff JUUL Labs, Inc.'s ("JLI") *ex parte* application ("Application") to increase the asset freeze limit pursuant to this Court's order granting JLI's application for a preliminary injunction. I have personal knowledge of the matters stated herein, and if called upon to testify in a court of law, I could and would competently testify to the veracity of the facts I state in this declaration.

2. I am the wife of Chou, who is the principal owner of CJ. I act as Chou's executive assistant, helping my husband with any and all aspects of running CJ as various needs arise. In this role, I am readily familiar with CJ's finances, including its accounts, financial books, and records.

3. On June 9, 2021, the Court issued an order ("Order") granting JLI's motion for a preliminary injunction. I personally prepared the supplemental asset list ("Supplemental Accounting") as required by the Order. To put together this list of 70 accounts (and other assets), I worked tirelessly, coordinating with CJ's

-2-

employees and accountants to do so. It took three days of nonstop effort.

4. At all times while I was preparing the asset list, I understood and appreciated that the Order has significant implications and needs to be taken very seriously. In gathering the information needed for the asset list, I first requested that CJ's accountant provide a full list of all accounts for the Defendants, and then I added to that list all of my husband's personal accounts that I could find, even those that have not been used for a long time.

5. I also added two parcels of real estate: a home within our children's school district (so that they can attend that district's public school), and the home where my husband's parents live.

6. The accounts that JLI alleges Defendants purposely withheld were not willfully omitted. Defendants do not use these accounts and cannot even access most of them:

The Stripe Accounts

- **Account Name: FELEX**
  - According to Stripe, and as represented in Gabriella A. Wilkins' Declaration ("Wilkins Declaration"), there is $636.01 USD in this account.
  - However, this account cannot be accessed, as Stripe does not recognize the email address associated with that account. Attached as Exhibit 1 is a true and correct screenshot of my attempt to login into this account using the email address associated with that account (jackmacry101@gmail.com).
  - This account has not been used by Defendants since before they received notice of this lawsuit.
- **Account Name: cjdropshipping**
  - According to Stripe, and as represented in Wilkins Declaration, there is $0 USD in this account. I have been able to confirm that

-3-

this account indeed has a $0 USD balance. Attached hereto as <u>Exhibit 2</u> is a true and correct screenshot of the account showing the balance.

- o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: CJDropshipping-CJ**
  - o According to Stripe, and as represented in Wilkins Declaration, there is $0 USD in this account. I have been able to confirm that this account indeed has a $0 USD balance. Attached as <u>Exhibit 3</u> is a true and correct screenshot of the account showing there have not been any payments into this account ever.
  - o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: 妃蕾饰品 n (website is www.cjdropshipping.cn/ and Lizhi Zhou is company rep)**
  - o According to Stripe, and as represented in the Wilkins Declaration, there is $0 USD in this account. I have been able to confirm that this account indeed has a $0 USD balance. Attached as <u>Exhibit 3</u>, referenced above, is a true and correct screenshot of the account showing there have not been any payments into this account ever.
  - o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: SPOCKET**
  - o According to Stripe, and as represented in the Wilkins Declaration, there is -$34.59 USD in this account.
  - o However, this account cannot be accessed, as Stripe does not recognize the email address associated with that account. Attached as <u>Exhibit 1</u>, referenced above, is a true and correct screenshot of

  my attempt to login into this account using the email address associated with that account (jackmacry101@gmail.com).
- o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: RedKoii**
    - o According to Stripe, and as represented in Wilkins Declaration, there is $0 USD in this account.
    - o This account was utilized and run by a third party brought in by CJ for a project completed between approximately 2017 and late 2018. The email account associated with this bank account is not accessible by Defendants and thus, Defendants cannot access this bank account.
    - o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: SP* CJGADGET**
    - o According to Stripe, and as represented in the Wilkins Declaration, there is $0 USD in this account.
    - o This account was utilized and run by a third party brought in by CJ for a project completed between approximately 2017 and late 2018. The email account associated with this bank account is not accessible by Defendants and thus, Defendants cannot access this bank account.
    - o This account has not been used by Defendants since before they received notice of this lawsuit.

- **Account Name: Redkoii**
    - o According to Stripe, and as represented in the Wilkins Declaration, there is $0 USD in this account.
    - o This account was utilized and run by a third party brought in by CJ

Case 2:21-cv-03056-DSF-PD Document 78-17 Filed 06/29/21 Page 6 of 10 Page ID #:1204
Case 2:21-cv-03056-DSF-PD Document 73-17 Filed 06/29/21 Page 7 of 11 Page ID #:1705

for a project completed between approximately 2017 and late 2018. The email account associated with this bank account is not accessible by Defendants and thus, Defendants cannot access this bank account.
- This account has not been used by Defendants since before they received notice of this lawsuit.
- **Account Name: MODERNALUX**
  - According to Stripe, and as represented in the Wilkins Declaration, there is $0 USD in this account.
  - Defendants are not the owners of the email address associated with this bank account and thus, cannot access this bank account.
  - This account has not been used by Defendants since before they received notice of this lawsuit.

The Payoneer Account

- Account Name: Lizhi Zhou
  - According to Stripe, and as represented in the Wilkins Declaration, there is $35.17 USD in this account. By my review of the account, the balance is approximately $0 USD and the only charge against the client since the lawsuit was filed was done so by Payoneer as an administrative charge. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a screenshot of the account showing the balance of the account.
  - This account has only been used as a test account to verify Payoneer was processing payments correctly.

The Citibank Accounts

The Wilkins Declaration references four Citibank accounts without associated bank account numbers. Three of these accounts are actually owned by WorldFirst, which is an international payments business that helps companies like CJ move

-6-

2503/036849-0001
16656023.2 a06/30/21

DECLARATION OF LEE IN SUPPORT OF OPPOSITION TO EX PARTE
APPLICATION TO INCREASE ASSET FREEZE LIMIT

money around the world by completing the foreign exchange transactions (i.e., exchanging 15 Euro to $17.85 USD). WorldFirst uses these three Citibank accounts for Defendants' benefit to collect U.S. Dollars for transactions completed in the United States before WorldFirst converts those dollars into whatever currency is desired. These accounts do not retain a balance, but are used instead as intermediary accounts before WorldFirst can complete the exchange. Attached as <u>Exhibit 5</u> is a true and correct copy of screenshots of these three accounts, demonstrating the accounts are owned and controlled by WorldFirst for the benefit of Defendants. I included all of Defendants' WorldFirst accounts in the Supplemental Accounting provided to JLI.

The fourth Citibank account referenced in the Wilkins Declaration is similarly owned by LianLian Global for the benefit of Defendants, which provides similar services to WorldFirst. Again, I included Defendants' LianLian Global account in the Supplemental Accounting provided to JLI.

<u>The Chinese Merchants Bank Account</u>

The Wilkins Declaration also references a Chinese Merchants bank account without an associated bank account number. I have been able to determine which account she is referring to. There is $0 in this bank account. Attached as <u>Exhibit 6</u> is a true and correct copy of a bank statement for this account showing no funds have been moved in of this account from April 13, 2021 (i.e., before Defendants received notice of this lawsuit) through the present.

<u>The Community Federal Savings Bank Account</u>

The Wilkins Declaration also references a Community Federal Savings bank account without an associated bank account number. This account is owned by Payoneer for the benefit of Defendants. Payoneer performs services for Defendants similar to WorldFirst and LianLian Global, and this account is a mere sub-account used as an intermediary account before Payoneer can complete the exchange.

7. None of these accounts were in our accounting department's records.

-7-

1   They were mistakenly omitted from the list because we do not use any of them, and
2   we still cannot even access many of them.
3       8.      Both the accountant and I worked very hard to make sure to include all
4   accounts anywhere, and even included accounts with a $0 balance that we were no
5   longer using for fear of missing anything.
6       9.      While it was easy for Stripe and other financial institutions to run a
7   search in their own records and provide information to JLI's counsel, I did not have
8   the luxury of that information. If JLI's counsel has any other information about
9   these allegedly omitted accounts so that we can try to track them down, we would
10  very much appreciate them sharing it.
11      10.     We respect and are doing everything we can to comply with the Order.
12  We understood and accepted that $2.8 million would be frozen.
13      11.     We further did not willfully disobey the Order by dissipating assets.
14  Rather, we continued to run our businesses, making deposits as orders were
15  processed. This is why the accounts included in the Supplemental Accounting have
16  increased balances. Attached as <u>Exhibit 7</u> are true and correct copies of one page of
17  the transaction history of the two Stripe accounts with the largest balance increases:
18      a.  On page 3 of Exhibit 7, the screenshot shows that
19          ***2,355*** transactions occurred between June 14, 2021, the day
20          Defendants served the Supplemental Accounting, and June 18,
21          2021, the day Defendants first informed JLI that it had frozen
22          over $4 million in assets. As a print out of all transactions would
23          be voluminous, I have included a representative page only.
24      b.  On page 5 of Exhibit 7, the screenshot shows that
25          ***2,114*** transactions occurred between June 14, 2021, the day
26          Defendants served the Supplemental Accounting, and June 18,
27          2021, the day Defendants first informed JLI that it had frozen
28          over $4 million in assets. As a print out of all transactions would

-8-

be voluminous, I have included a representative page only.

12. If we were to stop our business for just one day, the sellers using our platform would leave in droves. The delay in fulfillment of their orders would lead to many chargebacks and affect their social media advertising, thus bringing many complaints to us.

13. Our dropshipping business is legitimate and any interruption would be fatal. CJ endeavors to facilitate small business online in the United States and the rest of the world. We have hundreds of thousands of users, including people who are self-employed, stay-at-home mothers, and students in college. The youngest CJ seller is 14 years old. With our two warehouses in the United States, we are a taxpayer operating within the laws and for the good of this country.

14. We believed that the asset freeze limit of $2.8 million in the Court's Order was an assurance that we could continue our business once that amount has been secured.

15. However, now the amount frozen exceeds $4 million, 100% of our capital in the United States. We urgently need the illegally frozen funds over $2.8 million to continue running our business without interruption. Our business is based on large volume with small profit margins.

16. Some of the money in these accounts is owed to third parties. We have to pay the suppliers, couriers, salaries, and invest in building our business. The cash flow we had in March 2021 before the initial asset freeze was around $3 million. Now that all of our assets have been frozen above the amount ordered by this Court, we have many unpaid bills that we will not be able to pay until the funds over $2.8 million are released. We currently owe $1.7 million to 4PX, one of the domestic couriers we use, and about $50,000 to DHL. If we do not pay DHL and 4PX soon, they will stop taking our orders. Attached hereto as Exhibit 8 is a true and correct copy of a screenshot I took showing our unpaid bills.

17. We desperately need the funds above $2.8 million to be released

without delay. We rely on the justice of the Court and thank the Court for its time.

18. On or about June 28, 2021, JLI successfully froze Defendants' bank account located in China (Industrial Commercial Bank of China, Acct No. -0360). Attached hereto as <u>Exhibit 9</u> is a true and correct copy of a screenshot I took showing the frozen account.

19. We desperately need the funds above $2.8 million to be released without delay. We rely on the justice of the Court and thank the Court for its time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 29, 2021, at __hangzhou_____, People's Republic of China.

*LI MEI LIANG*

_____

Lynn Lee

-10-

DECLARATION OF LEE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO INCREASE ASSET FREEZE LIMIT

2503/036849-0001
16656023.2 a06/30/21