# EXHIBIT 26



STATE OF NEW YORK          )
                           )
                           )
COUNTY OF NEW YORK         )    ss

### CERTIFICATION

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate translation from Chinese into English of the attached Shanghai City Second Intermediate People's Court Criminal Verdict, dated September 29, 2011.

_____
Edward J. Jacob
Divergent Language Solutions, LLC

State of New York
County of New York
Subscribed to and sworn before me this 4th day of June, 2021,
by Edward J. Jacob.

_____
Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires   November 7, 2024



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

# Shanghai City Second Intermediate People's Court
# Criminal Verdict

(2011) Shanghai Second Intermediate People Criminal Final No. 303

Protesting organ: Shanghai City Huangpu District People's Procuratorate.
Defendant in the original trial: Wu A.
Defendant in the original trial: Zhou XX.
Defendant in the original trial: Tu XX.

Shanghai City Huangpu District People's Court tried the case of Shanghai City Huangpu District People's Procuratorate accusing the defendants, including Wu A, Zhou XX, and Tu XX in the original trial of the crime of infringing copyrights and selling illegally manufactured registered trademark signs, and reached criminal verdict (2011) Huangpu Criminal First Trial No. 86 on April 25, 2011. The Shanghai City Huangpu District People's Procuratorate, which is the original public prosecution agency, filed a protest with this court on the grounds that the facts ascertained in the original judgment contained mistakes and the law was improperly applied, which affected discretionary action of sentencing. After this court accepted the protest application, a collegial panel was formed in accordance with the law, and the case was heard in open court on August 17, 2011. The Second Branch of the Shanghai City People's Procuratorate appointed deputy prosecutor Qu Yong to appear in court to support the protest. The defendants in the original trial, including Wu A, Zhou XX, and Tu XX, appeared in court to participate in the litigation. The trial has now ended.

Shanghai City Huangpu District People's Court judged in the verdict that the defendants, including Wu A, Zhou XX, and Tu XX, had conspired with the purpose of making profit in February 2010, each of them contributed RMB 10,000, and they jointly invested in the production and sales of Shanghai World Expo mascots and licensed products, including Haibao art image pendants and other commodities. The three defendants divided their labor of work as follows: Zhou XX rented a house at No. X, Zhenhai Road, Zhoushi Town, Kunshan City, Jiangsu Province, beginning March 2010, Zhou XX organized personnel there to produce a total of 729,400 pieces of "5cm Haibao plush toy pendants" without registered trademarks, and arranged delivery of the goods to Shanghai; Wu A and Tu XX rented the ground floor at No. X, Pentang Lane, Shanghai City and the 1st floor of No. X, X Lane, Tianjin Road, respectively, to store the above-mentioned Haibao pendants and other commodities and sell them to external buyers. On June 24, 2010, Wu A and Tu XX were arrested by public security officers at the entrance of Shitan Lane, Tianjin Road, Shanghai City. Shortly thereafter, public security officers seized 6000 pieces of the above-mentioned Haibao pendants from the ground floor at No. X, Pentang Lane, Shanghai City and the 1st floor of No. X, X Lane, Tianjin Road, respectively. On the same day, public security officers captured Zhou XX in a house at Haipeng Road, Zhoushi Town, Kunshan City, Jiangsu Province, and there seized 79,670 pieces of Haibao pendants (which are returned products for repair after sale). During the sales period of the above-mentioned Haibao pendants, Wu A and Tu XX conspired to purchase paper sheets and paper boxes printed with the registered trademark signs of "Shanghai World Expo" and "Haibao Image" from Shanghai City Chenghuang Temple, Yiwu City, Zhejiang Province, etc., for separate sales, and informed Zhou XX afterwards. On June 24, 2010, public security officers seized 300,000 pieces of the above-mentioned paper sheets and paper boxes that had not been sold in the houses rented by Wu A and Tu XX.

The evidence used by the court of the first trial to determine the above-mentioned facts included: Confession of the defendants Wu A, Zhou XX, and Tu XX regarding the production and sale of "5cm Haibao plush toy pendants" with the registered trademark and the purchase and sale of the paper sheets and paper boxes printed with the registered trademark signs of the "Shanghai World Expo" and "Haibao Image"; testimony and identification transcripts of witnesses XX Jin, X Fei, XX Wen, and Wu B regarding the fact that Zhou XX rented a house at No. X, Zhenhai Road,

Zhoushi Town, Kunshan City, Jiangsu Province since March 2010 for the production of the above-mentioned Haibao pendants; testimony and identification transcripts of witness Wu Linghong regarding the fact that she leased a house on the ground floor at No. X, Jintang Lane, Shanghai City to Wu A beginning in March 2010, and witnessed the above-mentioned Haibao pendants stored in the house; testimony and identification transcripts of witness Yang Wenxiang regarding the fact that Yang Wenxiang purchased the above-mentioned paper sheets and paper boxes from Wu A; house leasing contracts; the Shanghai Public Security Bureau's search warrant, search transcript, list of seized items, seized illegal goods and photos; delivery and sales summary sheets and quotations prepared by the three defendants; trademark registration certificates of the "Shanghai World Expo emblem," "Haibao," a letter from the Bureau of Shanghai World Expo, and a certificate issued by the Franchise Office of the Shanghai World Expo; work records of the three defendants appearing in the court, etc.

      According to Shanghai City Huangpu District People's Court: 1. Although Article 217 (1) of the Criminal Law of the People's Republic of China did not clearly list the "art work" one by one, according to the principle of the equality of works, as a statutory type of work, works should be protected equally as works such as text, music, film, television, video, computer software, etc.; therefore, the Haibao works involved in this case should belong to the category of "other works" stipulated in this regulatory provision. The defendants including Wu A, Zhou XX, and Tu XX produced toy pendants of Haibao's image art works for profit-making purposes without the permission of the copyright owner and sold them to external buyers, which was the behavior of copying and distributing related art works; it is now found that the three defendants produced 729,400 pieces of the Haibao pendants involved in the case, and except for the 6000 pieces that were seized before being sold, the rest have all been sold; the behavior of the three defendants having all perpetrated the crime of copyright infringement, belongs to the case of "with other particularly serious circumstances," and criminal punishment should be imposed in accordance with the law. The behavior of the three defendants who jointly committed copyright infringement should be punished as a joint crime. 2. The defendants including Wu A and Tu XX conspired to purchase the illegally manufactured registered trademark signs and sell them separately, and now 300,000 pieces of the above-mentioned trademark signs have been seized, and two types of registered trademarks are involved; the behaviors of Wu A and Tu XX both constitute the crime of selling the illegally manufactured registered trademark signs, and belong to a "particularly serious" case and should be criminally punished in accordance with the law. The above-mentioned trademark signs were seized without being sold, because they failed to succeed due to reasons other than the will of Wu A and Tu XX, and it belongs to an attempted crime, and the punishment can be mitigated by referring to the case of an offence that succeeded. The behavior of Wu A and Tu XX, who jointly sold illegally manufactured registered trademark signs, should be punished as a joint crime. 3. The defendants, including persons Wu A and Tu XX, respectively, perpetrated the crime of copyright infringement and the crime of selling the illegally manufactured registered trademark signs, and the combined punishment for several offenses should be imposed on Wu A and Tu XX in accordance with the law. 4. The defendants, including Wu A and Tu XX, separately conspired to purchase the above-mentioned trademark signs during the sale of the above-mentioned Haibao pendants and sold them separately to external buyers; the defendant Zhou XX did not conspire with Wu A and Tu XX beforehand, also did not implement or jointly participate in the behavior of sale of the above-mentioned trademark signs, and also did not obtain benefits from such illegal gains; Zhou XX only learned of the matter afterwards, so it could not be judged that Zhou XX had the intention to jointly sell the above-mentioned trademark signs with Wu A, Tu XX and had committed the above-mentioned criminal behavior. Therefore, the court of first trial did not affirm the crime of Zhou XX who was accused of selling the illegally manufactured registered trademark signs by the public prosecutor. 5. The opinion of the defender of the three defendants regarding the three defendants' attitude toward repentance was found to be consistent with the facts, and the original court accepted this opinion. However, the specific criminal circumstances and range of discretionary action of sentencing of the three defendants did not all meet the applicable conditions of probation.

      Accordingly, in accordance with Article 217 (1), Article 215, Article 23, Paragraph 1 of Article 25, Article 69 and Article 64 of the Criminal Law of the People's Republic of China, Article 1 and Article 4 of "Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on Several Issues Concerning the Specific Application of Laws in Handling Criminal Cases of Infringement of Intellectual Property Rights (2)," paragraph 2 (2) of Article 3 of "Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on Several Issues

Concerning the Specific Application of Laws in Handling Criminal Cases of Infringement of Intellectual Property Rights," the defendant Wu A was guilty of copyright infringement, was sentenced to four years in prison and a fine of RMB 75,000, and was guilty of selling the illegally manufactured registered trademark signs, and was sentenced to one year in prison and a fine of RMB 5,000. It is decided to execute a fixed-term imprisonment of four years and six months and a fine of RMB 80,000; the defendant Zhou XX was guilty of copyright infringement, and was sentenced to four years in prison and a fine of RMB 75,000; the defendant Tu XX was guilty of copyright infringement, and was sentenced to four years in prison and a fine of RMB 75,000, was guilty of the crime of selling the illegally manufactured registered trademark signs, was sentenced to one year in prison and a fine of RMB 5,000. It is decided to execute a four-year and six-month imprisonment and a fine of RMB 80,000; the illegal gains of the defendants including Wu A, Zhou XX, and Tu XX shall be confiscated after recovery; all the Haibao plush toy pendants and registered trademark signs involved in the case shall be confiscated.

  Shanghai City Huangpu District People's Procuratorate protested that the original judgment only convicted and punished the defendant Zhou XX for the crime of copyright infringement and did not convict Zhou XX of selling the illegally manufactured registered trademark signs; this belongs to the case that the facts ascertained in the original judgment contained mistakes and the law was improperly applied, which affected the discretionary action of sentencing. Shanghai City Huangpu District People's Procuratorate believes that, first of all, the defendant Zhou XX had the common intention to sell the illegally manufactured registered trademark signs, and "clearly knew during the criminal activities" about sale of the illegally manufactured Expo signs rather than "learned it afterwards." Secondly, the defendant Zhou XX belongs to the category of an accomplice in the criminal activities of selling the illegally manufactured registered trademark signs. Thirdly, the original judgment made a misappraisal of the role and status of the defendant Zhou XX in the criminal activities of selling the illegally manufactured registered trademark signs, which led to the omission of the crime in the verdict.

  The Second Branch of the Shanghai People's Procuratorate believed that the original judgment did not convict Zhou XX as an accomplice in the crime of selling the illegally manufactured registered trademark signs, and that there were errors in the facts ascertained and application of the law, resulting in improper discretionary action of sentencing, Shanghai City Huangpu District People's Procuratorate's grounds for protest were established, and it is recommended that this court correct the judgement in accordance with the law.

  The defendants in the original trial, including Wu A and Tu XX, stated that the illegally manufactured registered trademark signs were sold in conjunction with the Haibao toys, etc., sold, and were not sold separately. The purchase of the illegally manufactured registered trademark was decided by consultation between Wu A and Tu XX, either before or after the purchase and sale of the illegally manufactured registered trademark signs, and neither Wu A nor Tu XX contacted Zhou XX.

  The defendant Zhou XX in the first trial had no objection to the judgment of the first trial, stating that he had no prior conspiracy to sell illegally manufactured registered trademark signs and obtained no profit afterwards, so was not guilty of selling the illegally manufactured registered trademark signs. Moreover, Tu XX only called to say that other people sold counterfeit Haibao plush toys and other products with packaging, and did not tell Zhou XX that it is required to sell the illegally manufactured registered trademark signs separately.

  The facts and evidence verified by this court after the trial are the same as the original verdict.

  This court believes that the defendants in the original trial, including Wu A, Zhou XX, and Tu XX, produced toy pendants of Haibao's image art works for the purpose of making profits without the permission of the copyright owner and sold them, which constituted the behavior of copying and distributing related art works; the behavior of the three defendants in the original trial all constitutes the crime of copyright infringement and should be punished in accordance with the law. The defendants in the original trial, including Wu A and Tu XX, conspired to purchase the illegally manufactured registered trademark signs and sold them separately, and their behavior also perpetrated the crime of selling the illegally manufactured registered trademarks and should be punished in accordance with the law, and the punishment should be combined for both offenses. According to the investigation, the defendants in this case, including Wu A, Zhou XX, and Tu XX, conspired with the purpose of making profits in February 2010, each of them contributed RMB 10,000, and they jointly invested in the production and sales of Shanghai World Expo mascots and licensed products, including Haibao art image pendants and other commodities. However, the content of the above-mentioned conspiracy of the three defendants in the first trial did not include the sale of the illegally manufactured registered trademark signs, and there was also no evidence indicating that the three defendants in the first trial jointly conspired to separately sell the paper sheets, paper boxes and other illegally manufactured registered trademark signs of the World Expo emblem or the Haibao sign. Even if the defendant Zhou XX in the

original trial learned the fact only after it happened, that the defendants including Wu A and Tu XX in the original trial had sold the illegally manufactured registered trademark signs, it would be also difficult to determine that the defendant Zhou XX in the original trial had the intention to jointly sell the above-mentioned registered trademark signs with the defendants including Wu A and Tu XX. In addition, the defendant Zhou XX in the original trial objectively did not engage in the behavior of participating in the sale of the illegally manufactured registered trademark signs and did not obtain benefits from the illegal gains. Only based on the agreement of the three defendants in the first trial to contribute capital and share profits together, it is also impossible to presume that the defendant Zhou XX in the original trial has obtained benefits from the behavior of selling the illegally manufactured registered trademark signs. Therefore, in this case, there is still insufficient evidence to determine that the defendant Zhou XX in the original trial conspired with the defendants including Wu A and Tu XX in the first trial and they jointly participated in the sale of the illegally manufactured registered trademark signs. In summary, the facts of the judgment made by the original trial court are clear, the evidence is reliable and sufficient, the conviction is accurate, and the trial procedure is legal and can be upheld. In accordance with the provisions of Article 189 (1) of the Criminal Procedure Law of the People's Republic of China, the verdict is made as follows:

The protest was rejected and the original verdict was upheld.
This verdict is final.

| | |
|---|---|
| Presiding judge | Li Guoquan |
| Acting judge | Chen Jiaoying |
| Acting judge | He Yuan |

September 29, 2011

| | |
|---|---|
| Clerk | Li Jingjing |

Attachment: Relevant regulatory provision
"Criminal Procedure Law of the People's Republic of China"
Article 189    The people's court of second trial shall, after hearing a case of appeal or protest against the judgment of the first trial, handle it according to the following circumstances:
(1) If the original judgment is found to be true and the law is applied correctly, and the discretionary action of sentencing

is appropriate, it shall be ruled to reject the appeal or protest and uphold the original verdict;

…….

# 上海市第二中级人民法院
# 刑 事 裁 定 书

(2011) 沪二中刑终字第303号

抗诉机关上海市黄浦区人民检察院。

原审被告人吴甲。

原审被告人周某某。

原审被告人涂某某。

上海市黄浦区人民法院审理上海市黄浦区人民检察院指控原审被告人吴甲、周某某、涂某某犯侵犯著作权罪、销售非法制造的注册商标标识罪一案，于2011年4月25日作出(2011)黄刑初字第86号刑事判决。原公诉机关上海市黄浦区人民检察院以原审判决认定事实有误、运用法律不当，影响量刑为由，向本院提出抗诉。本院受理后，依法组成合议庭，于2011年8月17日公开开庭审理了本案。上海市人民检察院第二分院指派代理检察员瞿勇出庭支持抗诉。原审被告人吴甲、周某某、涂某某到庭参加诉讼。现已审理终结。

上海市黄浦区人民法院判决认定，被告人吴甲、周某某、涂某某于2010年2月合谋以营利为目的，各出资人民币1万元，在未经著作权人许可的情况下，共同投资生产、销售上海世博会吉祥物暨特许产品海宝美术形象的挂件等商品。三名被告人经分工，由周某某租赁江苏省昆山市周市镇海鹏路某号房屋，自同年3月起在该处组织人员生产无注册商标的"5cm海宝毛绒玩具挂件"共计729400只，并向上海发送货物；吴甲、涂某某分别租赁上海市盆汤弄某号底楼、天津路某弄某号1楼房屋，用于存放上述海宝挂件等商品并对外销售。同年6月24日，吴甲、涂某某在上海市天津路石潭弄口被公安人员抓获。其后，公安人员分别从上海市盆汤弄某号底楼、天津路某弄某号1楼房屋内，查获上述海宝挂件6000只。当日，公安人员在江苏省昆山市周市镇海鹏路某号房屋内将周某某抓获归案，并在该处查获上述海宝挂件79670只(系销售后返修)。上述海宝挂件销售期间，吴甲、涂某某合谋从上海市城隍庙和浙江省义乌市等处购入印有"上海世博会会徽"、"海宝形象"注册商标标志的纸片、纸盒进行单独销售，并事后告知了周某某。2010年6月24日，公安人员在吴甲、涂某某租住的房屋内查获尚未销售的上述纸片、纸盒30万件。

原审法院认定上述事实的证据有，被告人吴甲、周某某、涂某某关于生产、销售无注册商标的"5cm海宝毛绒玩具挂件"及购买、销售印有"上海世博会会徽"、"海宝形象"注册商标标志的纸片、纸盒的供述；证人金某某、费某、闻某某、吴乙关于周某某自

2010年3月起租赁江苏省昆山市周市镇海鹏路某号房屋用于生产上述海宝挂件的证言及辨认笔录；证人吴玲红关于其自2010年3月起将上海市盆汤弄某号底楼房屋出租给吴甲，并目击房屋内存放上述海宝挂件的证言及辨认笔录；证人杨文祥关于其从吴甲处购进上述纸片、纸盒的证言及辨认笔录；房屋租赁合同；上海市公安局搜查证、搜查笔录、扣押物品清单、缴获赃物及照片；三名被告人制作的发货、销售汇总表、报价单；"上海世博会会徽"、"海宝形象"商标注册证、上海世博会世博局委托函、上海世博会特许产品经营办公室出具的证明；关于三名被告人到案的工作记录等。

上海市黄浦区人民法院认为，1、《中华人民共和国刑法》第二百一十七条第(一)项虽未列明"美术作品"，但根据作品平等保护原则，美术作品作为法定的作品类型，应与文字、音乐、电影、电视、录像、计算机软件等作品受到平等保护，故本案涉及的海宝形象美术作品应属于该法律条文所规定的"其他作品"范畴。被告人吴甲、周某某、涂某某以营利为目的，未经著作权人许可，生产海宝形象美术作品的玩具挂件并对外销售，系复制发行相关美术作品的行为；现查明三名被告人已生产涉案海宝挂件729400只，除尚未销售即被查获的6000只外，其余均已销售，三名被告人的行为均已构成侵犯著作权罪，且属"有其他特别严重情节"，依法应予刑事处罚。三名被告人共同实施侵犯著作权的行为，应按共同犯罪论处。2、被告人吴甲、涂某某合谋购入非法制造的注册商标标识并单独对外销售，现被查获上述商标标识30万件，且涉及两种注册商标，吴甲、涂某某的行为均已构成销售非法制造的注册商标标识罪，且属"情节特别严重"，依法应予刑事处罚。上述商标标识尚未销售即被查获，系由于吴甲、涂某某意志以外的原因而未得逞，属犯罪未遂，可比照既遂犯减轻处罚。吴甲、涂某某共同实施销售非法制造的注册商标标识的行为，应按共同犯罪论处。3、被告人吴甲、涂某某分别构成侵犯著作权罪、销售非法制造的注册商标标识罪，依法应对吴甲、涂某某数罪并罚。4、被告人吴甲、涂某某系在销售上述海宝挂件过程中另行合谋购入上述商标标识并单独对外销售，被告人周某某与吴甲、涂某某事前无共谋，也没有实施或共同参与销售上述商标标识的行为，亦未从该违法所得中获取利益，其仅是事后得知此事，故不能认定周某某与吴甲、涂某某之间具有共同销售上述商标标识的故意且实施了上述犯罪行为。故原审法院对公诉机关指控周某某犯销售非法制造的注册商标标识罪不予认定。5、三名被告人的辩护人关于三名被告人悔罪态度较好的意见，经查与事实相符，原审法院予以采纳。但三名被告人的具体犯罪情节及量刑幅度，均并不符合缓刑的适用条件。

据此，依照《中华人民共和国刑法》第二百一十七条第(一)项、第二百一十五条、第二十三条、第二十五条第一款、第六十九条、第六十四条，《最高人民法院、最高人民检察院关于办理侵犯知识产权刑事案件具体应用法律若干问题的解释(二)》第一条、第四条，《最高人民法院、最高人民检察院关于办理侵犯知识产权刑事案件具体应用法律若干

问题的解释》第三条第二款第(二)项之规定，对被告人吴甲犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；犯销售非法制造的注册商标标识罪，判处有期徒刑一年，并处罚金人民币五千元。决定执行有期徒刑四年六个月，并处罚金人民币八万元；对被告人周某某犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；对被告人涂某某犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；犯销售非法制造的注册商标标识罪，判处有期徒刑一年，并处罚金人民币五千元。决定执行有期徒刑四年六个月，并处罚金人民币八万元；对被告人吴甲、周某某、涂某某的违法所得，追缴后予以没收；对查获的涉案海宝毛绒玩具挂件、注册商标标识，均予没收。

上海市黄浦区人民检察院抗诉提出，原审判决仅对被告人周某某以侵犯著作权罪予以定罪处罚，而对周某某构成销售非法制造注册商标标识罪不予认定，属于事实认定有误，运用法律不当，影响量刑。上海市黄浦区人民检察院认为，首先，被告人周某某具有销售非法制造的注册商标标识的共同故意，且其对销售非法制造的世博会标识是"事中明知"，而非"事后得知"。其次，被告人周某某在销售非法制造的注册商标标识犯罪活动中属共犯。再次，原审判决对被告人周某某在销售非法制造的注册商标标识犯罪活动中的作用、地位的错误评价，导致罪行的漏判。

上海市人民检察院第二分院认为，原审判决未认定周某某构成销售非法制造的注册商标标识罪共犯，存在认定事实、适用法律错误，导致量刑不当，上海市黄浦区人民检察院的抗诉理由成立，建议本院依法纠正。

原审被告人吴甲、涂某某述称，非法制造的注册商标标识是与所售海宝玩具等配套销售，并非单独销售。购买非法制造的注册商标标识系两人之间商量决定，在购买、销售非法制造的注册商标标识前后，两人均未与周某某联系过。

原审被告人周某某对原审判决无异议，述称其事前并无销售非法制造的注册商标标识的共谋，事后亦无获利，故不构成销售非法制造的注册商标标识罪。且涂某某仅曾电话告知其他人销售假冒海宝毛绒玩具等产品具有包装，并未告知其需单独销售非法制造的注册商标标识。

本院经审理查明的事实和证据与原判相同。

本院认为，原审被告人吴甲、周某某、涂某某以营利为目的，未经著作权人许可，生产海宝形象美术作品的玩具挂件并对外销售，属于复制发行相关美术作品的行为，三名原审被告人的行为均已构成侵犯著作权罪，依法应予惩处。原审被告人吴甲、涂某某还合谋购入非法制造的注册商标标识并单独对外销售，其行为又均构成销售非法制造的注册商标标识罪，依法亦应予以惩处，且两罪并罚。经查，本案原审被告人吴甲、周某某、涂某某于2010年2月以营利为目的，各出资人民币1万元，在未经著作权人许可的情况下，合谋共同投资生产、销售上海世博会吉祥物暨特许产品海宝美术形象的挂件等商品。但上述三

名原审被告人的合谋内容中并不包含销售非法制造的注册商标标识，也没有证据表明三名原审被告人共同对单独销售世博会会徽或海宝标识的纸片、纸盒等非法制造的注册商标标识进行通谋。即使原审被告人周某某事后得知原审被告人吴甲、涂某某销售非法制造的注册商标标识，亦难以认定原审被告人周某某与原审被告人吴甲、涂某某之间具有共同销售上述注册商标标识的故意。且原审被告人周某某客观上没有实施参与销售非法制造的注册商标标识行为，亦未从该违法所得中获取利益。仅凭三名原审被告人共同出资、共同分成的约定，也无法推定原审被告人周某某从销售非法制造的注册商标标识的行为中获取了利益。因此，在本案中尚缺乏充足的证据认定原审被告人周某某与原审被告人吴甲、涂某某结伙合谋、共同参与完成了销售非法制造的注册商标标识。综上，原审法院所作的判决事实清楚，证据确实、充分，定罪准确，且审判程序合法，可予维持。依照《中华人民共和国刑事诉讼法》第一百八十九条第(一)项之规定，裁定如下：

驳回抗诉，维持原判。

本裁定为终审裁定。

审　判　长　　李国泉
代理审判员　　陈姣莹
代理审判员　　何　渊

二〇一一年九月二十九日

书　记　员　　李晶晶

附：相关的法律条文
《中华人民共和国刑事诉讼法》
第一百八十九条　第二审人民法院对不服第一审判决的上诉、抗诉案件，经过审理后，应当按照下列情形分别处理：
(一)原判决认定事实和适用法律正确、量刑适当的，应当裁定驳回上诉或者抗诉，维

持原判;

......。