# NOTARIAL CERTIFICATE

(2021)YGGZ,No.067745

Applicant: Theodore Kavowras, male, born on June 16, 1962, Passport No. 505875901.

Entrusted agent: Xu Jinzeng, male, born on August 28, 1984, ID Card No. 445281198408287036.

Issue under notarization: Evidence preservation

Xu Jinzeng, the entrusted agent of the applicant Theodore Kavowras, came to our office on May 21, 2021 and applied for the notarization of evidence preservation related to the process during which Xu Jinzeng accessed to the website of Shanghai No.2 Intermediate People's Court (website: http://www.shezfy.com/index.html), searched the relevant keywords, and browsed and printed the relevant pages.

In accordance with stipulations of the *Notarization Law of the People's Republic of China*, I, the notary public, and Hu Kun, an employee of our office, supervised Xu Jinzeng on the spot during the process when Xu Jinzeng used the computer and network equipment of our office to connect to the Internet, and browsed and printed relevant webpages at Guangzhou Notary Public Office on May 21, 2021. The operation steps of Xu Jinzeng are as follows:

1. Open the browser, enter the web address in the address bar: http://www.shezfy.com/index.html, and enter the homepage of the website;

2. Enter the keyword "Shanghai World Expo Emblem" in the search bar, and browse the contents displayed on the computer display;

3. Click the link of "the case of Wu Jia, Zhou XX and Tu XX infringing copyright and selling registered trademark signs illegally manufactured", enter the





# NOTARIAL CERTIFICATE

(2021)YGGZ,No.067745

Applicant: Theodore Kavowras, male, born on June 16, 1962, Passport No. 505875901.

Entrusted agent: Xu Jinzeng, male, born on August 28, 1984, ID Card No. 445281198408287036.

Issue under notarization: Evidence preservation

Xu Jinzeng, the entrusted agent of the applicant Theodore Kavowras, came to our office on May 21, 2021 and applied for the notarization of evidence preservation related to the process during which Xu Jinzeng accessed to the website of Shanghai No.2 Intermediate People's Court (website: http://www.shezfy.com/index.html), searched the relevant keywords, and browsed and printed the relevant pages.

In accordance with stipulations of the *Notarization Law of the People's Republic of China*, I, the notary public, and Hu Kun, an employee of our office, supervised Xu Jinzeng on the spot during the process when Xu Jinzeng used the computer and network equipment of our office to connect to the Internet, and browsed and printed relevant webpages at Guangzhou Notary Public Office on May 21, 2021. The operation steps of Xu Jinzeng are as follows:

1. Open the browser, enter the web address in the address bar: http://www.shezfy.com/index.html, and enter the homepage of the website;

2. Enter the keyword "Shanghai World Expo Emblem" in the search bar, and browse the contents displayed on the computer display;

3. Click the link of "the case of Wu Jia, Zhou XX and Tu XX infringing copyright and selling registered trademark signs illegally manufactured", enter the



Translated by:
Guangzhou Notary Public Office
Guangzhou City
Guangdong Province
The People's Republic of China
Translator(1): ZHU ZIYING
Date: June 11, 2021.

relevant page of search result and browse the contents displayed on the computer display;

Xu Jinzeng printed the contents displayed on the computer display during the above operation.

This is to certify that the printed copy attached to this notarial certificate was printed by Xu Jinzeng during the above operation, which is consistent with the contents displayed on the computer display of our office.

Attachment: printed copy (7 pages).

Guangzhou Notary Public Office

Guangzhou City, Guangdong Province

The People's Republic of China

Notary Public: Wu Qingfeng

May 21, 2021

TRANSLATION (1) 翻译本

Case of Wu Jia, Zhou XX and Tu XX Infringing Copyright and Selling Registered Trademark Signs Illegally Manufactured

(Clicks: 16)

## Shanghai No.2 Intermediate People's Court

### Ruling of a Criminal Action

TRANSLATION (1) 翻译本

(2011) H. E. Z. X. Z. Zi. No. 303

Protest organ: Shanghai Huangpu People's Procuratorate.

Defendant of the original trial: Wu Jia.

Defendant of the original trial: Zhou XX.

Defendant of the original trial: Tu XX.

Shanghai Huangpu People's Court tried the case of Wu Jia, Zhou XX and Tu XX (defendants of the original trial) who committed crimes of infringing copyright and selling registered trademark signs illegally manufactured as accused by Shanghai Huangpu People's Procuratorate. On April 25, 2011, the court made (2011) H. X. C. Zi. No. 86 Criminal Judgment. The original public prosecution organ, Shanghai Huangpu People's Procuratorate, filed a protest to the court for the reason that facts affirmed by the original judgments were wrong and the application of law was improper which affected the sentencing. After accepting the protest, the court formed a collegial panel according to law and heard the case in public session on August 17, 2011. Qu Yong, an acting prosecutor appointed by the Second Branch of Shanghai People's Procuratorate, appeared in court to support the protest. Wu Jia, Zhou XX and Tu XX, defendants of the original trial, appeared in court to participate in the lawsuit. The case has now been concluded.

Shanghai Huangpu People's Court judged that the defendants Wu Jia, Zhou XX and Tu XX jointly conspired to make profits, contributed RMB10,000 respectively, and jointly invested in the production and sale of pendants with the image of Haibao, a mascot and licensed product of Shanghai World Expo, in February 2010 without the permission of the copyright owner. After division of labor, Zhou XX rented a house in a building in Haipeng Road, Zhoushi Town, Kunshan City, Jiangsu Province. From March of the same year, Zhou XX organized personnel to produce 729,400 "5cm Haibao plush toy pendants" without registered trademark there, and sent goods to Shanghai; Wu Jia and Tu XX respectively rent a house on the ground floor of a building in Shanghai Pentang Lane and a house on 1F of a building in a lane in Tianjin Road, stored the above-mentioned Haibao pendants and other commodities there, and sold them to others. On June 24 of the same year, Wu Jia and Tu XX were arrested by public security officers at Shitan Lane, Tianjin Road, Shanghai. Afterwards, the public security officers respectively seized 6,000 Haibao pendants mentioned above from a house on the ground floor of a building in Shanghai Pentang Lane and a house on 1F of a building in a lane in Tianjin Road. On that day, public security officers seized Zhou XX in a house in Haipeng Road, Zhoushi Town, Kunshan City, Jiangsu

Province, and seized 79,670 Haibao pendants mentioned above (repaired after sales) there. When the above Haibao pendants were sold, Wu Jia and Tu XX conspired to purchase paper and cartons bearing the registered trademark sign of "Shanghai World Expo Emblem" and "Haibao Image" from Town God's Temple of Shanghai and Zhejiang Yiwu, sold them separately, and afterwards told Zhou XX. On June 24, 2010, public security officers seized 300,000 pieces of the above-mentioned paper and cartons not yet sold in the rented house of Wu Jia and Tu XX.

Evidence adopted by the court of original trial to affirm the above facts is: statements of the defendants Wu Jia, Zhou XX and Tu XX about the production and sale of "5cm Haibao plush toy pendants" without registered trademark, and the purchase and sale of paper and cartons bearing the registered trademark sign of "Shanghai World Expo Emblem" and "Haibao Image"; testimony and identification records of the witnesses Jin XX, Fei X, Wen XX and Wu Yi that Zhou XX rented a house in a building in Haipeng Road, Zhoushi Town, Kunshan City, Jiangsu Province from March 2010 to produce the above-mentioned Haibao pendants; testimony and identification record of the witness Wu Linghong who leased the house on the ground floor of a building in Shanghai Pentang Lane to Wu Jia since March 2010, and witnessed the above-mentioned Haibao pendants in the house; testimony and identification record of the witness Yang Wenxiang who purchased the above paper and cartons from Wu Jia; house leasing contract; search warrant, search record, list of seized articles, captured booty and photos of Shanghai Municipal Public Security Bureau; the delivery and sales summary and quotation made by the three defendants; "Shanghai World Expo Emblem", "Haibao Image" trademark registration certificate, letter of authorization of Shanghai World Expo Bureau and certificate issued by Shanghai World Expo Franchise Product Management Office; work records on the arrival of the three defendants.

Shanghai Huangpu People's Court held that: 1. Although "art works" are not specified in Article 217 (I) of the *Criminal Law of the People's Republic of China*, according to the principle of equal protection of works, art works as a legal type of works shall be protected equally with works such as words, music, movies, teleplay, video, computer software, etc. Therefore, the art works of Haibao involved in this case belongs to the category of "other works" stipulated in this legal provision. The defendants Wu Jia, Zhou XX and Tu XX, for profit-making purposes, produced and sold pendants of Haibao image art works without permission of the copyright owner, which is the act of copying and distributing relevant art works; it is found that the three defendants have produced 729,400 Haibao pendants involved in the case. Except 6,000 pendants unsold and seized, other pendants have been sold. As the three defendants committed the crime of infringing copyright under one of "other especially serious circumstances", they shall be subject to criminal punishment according to law. The joint implementation of the infringement of copyright by the three defendants shall be punished as joint crime. 2. The defendants Wu Jia and Tu XX conspired to purchase and separately sell registered trademark signs illegally manufactured. Now 300,000 trademark signs mentioned above have been seized and two kinds of registered trademarks are involved. The actions of Wu Jia and Tu XX have constituted the crime of selling registered trademark signs illegally manufactured under an "especially serious circumstance", they shall be subject to criminal punishment according to law. The above trademark signs were seized before sale, so the sale is not successful due to a reason irrelevant with Wu Jia and Tu XX which belongs to an attempted crime and may be subject to reduced punishment by analogy with consummated offender. The joint implementation of selling registered trademark signs illegally manufactured by



Wu Jia and Tu XX shall be punished as joint crime. 3. The defendants Wu Jia and Tu XX, who respectively committed the crimes of infringing copyright and selling registered trademark signs illegally manufactured, shall be subject to combined punishment for several offenses according to law. 4. The defendants Wu Jia and Tu XX separately conspired to purchase the above trademark signs and sell them independently when selling the above-mentioned Haibao pendants. The defendant Zhou XX has not conspired with Wu Jia and Tu XX beforehand, not carried out or jointly participated in the sale of the above trademark signs, and not obtained benefits from the illegal gains. As Zhou XX only learned about the matter afterwards, the court cannot affirm that Zhou XX had the intention to jointly sell with Wu Jia and Tu XX the above trademark signs and committed the above-mentioned crime. Therefore, the court of original trial did not affirm Zhou XX's crime of selling the registered trademark signs illegally manufactured as charged by the public prosecution organ. 5. The opinion put forward by defenders of the three defendants that their repentance attitude is good was found to be consistent with the facts, so the court of original trial adopted them. However, the specific crime circumstances and the extent for punishment measurement of the three defendants do not meet the applicable conditions of probation.

In accordance with Article 217 (I), Article 215, Article 23, Article 25.1, Article 69 and Article 64 of the *Criminal Law of the People's Republic of China*, Article 1 and Article 4 of the *Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on Several Issues Concerning the Specific Application of Laws in Criminal Cases of Intellectual Property Infringement (II)*, Article 3.2 (II) of the *Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on Several Issues Concerning the Specific Application of Laws in Criminal Cases of Intellectual Property Infringement*, the defendant Wu Jia shall be sentenced to a fixed-term imprisonment of four years and a fine of RMB75,000 for the crime of infringing copyright; and sentenced to a fixed-term imprisonment of one year and a fine of RMB5,000 for the crime of selling registered trademark signs illegally manufactured; the court decided to execute a fixed-term imprisonment of four years and six months and charge a fine of RMB80,000; the defendant Zhou XX shall be sentenced to a fixed-term imprisonment of four years and a fine of RMB75,000 for the crime of infringing copyright; the defendant Tu XX shall be sentenced to a fixed-term imprisonment of four years and a fine of RMB75,000 for the crime of infringing copyright; and sentenced to a fixed-term imprisonment of one year and a fine of RMB5,000 for the crime of selling registered trademark signs illegally manufactured; the court decided to execute a fixed-term imprisonment of four years and six months and charge a fine of RMB80,000; the illegal gains of the defendants Wu Jia, Zhou XX and Tu XX shall be recovered and confiscated; the Haibao plush toy pendants and registered trademark signs involved in the case and seized shall be confiscated.

Shanghai Huangpu People's Procuratorate protested that judgments of the original trial convicted and punished the defendant Zhou XX for infringing the copyright, but did not affirm Zhou XX's crime of selling the registered trademark signs illegally manufactured. The facts affirmed were wrong and the application of law was improper which affected the sentencing. Shanghai Huangpu People's Procuratorate held the following opinions: firstly, the defendant Zhou XX had the common intention to sell the registered trademark signs illegally manufactured, and he "clearly knew" the sale of illegally manufactured World Expo signs "when they were sold" instead of "learning it afterwards". Secondly, the defendant Zhou XX is an accomplice in the criminal



activity of selling registered trademark signs illegally manufactured. Thirdly, the judgments of the original trial misjudged the role and status of the defendant Zhou XX in the criminal activity of selling registered trademark signs illegally manufactured, which led to the missed sanction of the crime.

According to the Second Branch of the People's Procuratorate of Shanghai Municipality, the judgments of the original trial did not affirm Zhou XX as an accomplice of selling the registered trademark signs illegally manufactured. The affirmation of facts and application of law were wrong which caused improper sentencing. The reason for protest of Shanghai Huangpu People's Procuratorate is well-founded and the court is proposed to correct the original judgments according to law.

The defendants of the original trial Wu Jia and Tu XX said that the registered trademark signs illegally manufactured were sold together with Haibao toys, and were not sold separately. The purchase of registered trademark signs illegally manufactured was decided by Wu Jia and Tu XX through consultation. Before and after the purchase and sale of the registered trademark signs illegally manufactured, neither of them has contacted Zhou XX.

Zhou XX, the defendant of the original trial, has no objection to the original trial, saying that he had not conspired to sell the registered trademark signs illegally manufactured beforehand, and did not gain profits afterwards, so it did not constitute the crime of selling the registered trademark signs illegally manufactured. In addition, Tu XX gave Zhou XX a call and told him that other people sold fake wrapped Haibao plush toys and other products, but did not told him that they needed to separately sell the registered trademark signs illegally manufactured.

The facts and evidence found by the court through trial are the same as those of the original judgments.

The court believes that Wu Jia, Zhou XX and Tu XX, the defendants of the original trial, for profit-making purposes, produced and sold pendants of Haibao image art works without permission of the copyright owner, which is the act of copying and distributing relevant art works. As the three defendants committed the crime of infringing copyright, they shall be punished according to law. The defendants Wu Jia and Tu XX also conspired to purchase and separately sell registered trademark signs illegally manufactured. As their acts constitute the crime of selling the registered trademark signs illegally manufactured, they shall also be punished according to law, and subject to combined punishment for the two offenses. After investigation, Wu Jia, Zhou XX and Tu XX, the defendants of the original trial, for profit-making purposes, contributed RMB10,000 respectively, and conspired to jointly invest in the production and sale of pendants with the image of Haibao, a mascot and licensed product of Shanghai World Expo, in February 2010 without the permission of the copyright owner. However, the collusion of the above three defendants does not include the sale of registered trademark signs illegally manufactured, and there is no evidence proving that the three defendants of the original trial jointly conspired to separately sell the registered trademark signs illegally manufactured such as the World Expo Emblem, or paper and cartons with Haibao logo. Even if Zhou XX, the defendant of the original trial, learned that Wu Jia and Tu XX, the defendants in the original trial, sold the registered trademark signs illegally manufactured, it is still difficult to affirm that Zhou XX had the intention to jointly sell the above registered trademark signs with Wu Jia and Tu XX. Besides, Zhou XX, the




defendant of the original trial, did not participate in the sale of the registered trademark signs illegally manufactured, and did not obtain benefits from the illegal gains. According to the agreement of joint contribution and sharing of the three defendants of the original trial, it is impossible to presume that Zhou XX, the defendant of the original trial, has gained benefits from the sale of registered trademark signs illegally manufactured. Therefore, there is no sufficient evidence in this case to affirm that Zhou XX, the defendant of the original trial, cooperated with Wu Jia and Tu XX, the defendants of the original trial, to jointly participate in the sale of registered trademark signs illegally manufactured. In conclusion, in the judgments made by the court of original trial, the facts are clear, the evidence is true and sufficient, the conviction is accurate, and the trial procedure is legal, so the judgments can be affirmed. According to the provisions of Article 189 (I) of the *Criminal Procedure Law of the People's Republic of China*, the ruling is as follows:

Reject the protest and affirm the original judgments.

This ruling is final.

Presiding judge: Li Guoquan

Acting judge: Chen Jiaoying

Acting judge: He Yuan

September 29, 2011

Clerk: Li Jingjing

Attachment: Relevant legal provisions

*Criminal Procedure Law of the People's Republic of China*

Article 189 After hearing a case of appeal or protest against a judgment of first instance, the people's court of second instance shall handle it in one of the following manners in light of the different situations:

(1) If the original judgment was correct in the affirmation of facts and the application of law and appropriate in the sentencing, the people's court shall order rejection of the appeal or protest and affirm the original judgment;

…

# 公 证 书

(2021)粤广广州第067745号

申请人：Theodore Kavowras，男，一九六二年六月十六日出生，护照号码：505875901。

委托代理人：许锦增，男，一九八四年八月二十八日出生，公民身份号码：445281198408287036。

公证事项：保全证据

申请人Theodore Kavowras的委托代理人许锦增于二〇二一年五月二十一日来到我处，申请对其进入上海市第二中级人民法院网站（网址：http://www.shezfy.com/index.html）搜索相关关键字并浏览打印相关页面的过程进行保全证据公证。

根据《中华人民共和国公证法》的规定，本公证员与本处工作人员胡锟于二〇二一年五月二十一日在广州公证处，对许锦增使用我处计算机及网络设备连接互联网，浏览并打印相关网页的过程进行了现场监督。许锦增的操作步骤如下：

一、打开浏览器，在地址栏中输入网址：http://www.shezfy.com/index.html，进入网站首页；

二、在搜索栏中输入关键字"上海世博会会徽"，浏览

计算机显示器显示内容；

三、点击"吴甲、周某某、涂某某侵犯著作权、销售非法制造的注册商标标识一案"链接，进入相关搜索结果页面，浏览计算机显示器显示内容；

许锦增对上述操作过程中计算机显示器显示内容进行了打印。

兹证明与本公证书相粘连的打印件为许锦增在上述操作过程中实时打印所得，与我处计算机显示器的显示内容相符。

附：打印件（七页）。

中华人民共和国广东省广州市广州公证处

公 证 员 



二〇一〇 年 月 日

吴庆丰

吴甲、周某某、涂某某侵犯著作权、销售非法制造的注册商标标识一案

(点击数:16)

# 上海市第二中级人民法院

# 刑 事 裁 定 书

(2011)沪二中刑终字第 303 号

抗诉机关上海市黄浦区人民检察院。

原审被告人吴甲。

原审被告人周某某。

原审被告人涂某某。

上海市黄浦区人民法院审理上海市黄浦区人民检察院指控原审被告人吴甲、周某某、涂某某犯侵犯著作权罪、销售非法制造的注册商标标识罪一案,于 2011 年 4 月 25 日作出(2011)黄刑初字第 86 号刑事判决。原公诉机关上海市黄浦区人民检察院以原审判决认定事实有误、运用法律不当,影响量刑为由,向本院提出抗诉。本院受理后,依法组成合议庭,于 2011 年 8 月 17 日公开开庭审理了本案。上海市人民检察院第二分院指派代理检察员瞿勇出庭支持抗诉。原审被告人吴甲、周某某、涂某某到庭参加诉讼。现已审理终结。

上海市黄浦区人民法院判决认定,被告人吴甲、周某某、涂某某于 2010 年 2 月合谋以营利为目的,各出资人民币 1 万元,在未经著作权

人许可的情况下，共同投资生产、销售上海世博会吉祥物暨特许产品海宝美术形象的挂件等商品。三名被告人经分工，由周某某租赁江苏省昆山市周市镇海鹏路某号房屋，自同年3月起在该处组织人员生产无注册商标的"5cm海宝毛绒玩具挂件"共计729400只，并向上海发送货物；吴甲、涂某某分别租赁上海市盆汤弄某号底楼、天津路某弄某号1楼房屋，用于存放上述海宝挂件等商品并对外销售。同年6月24日，吴甲、涂某某在上海市天津路石潭弄口被公安人员抓获。其后，公安人员分别从上海市盆汤弄某号底楼、天津路某弄某号1楼房屋内，查获上述海宝挂件6000只。当日，公安人员在江苏省昆山市周市镇海鹏路某号房屋内将周某某抓获归案，并在该处查获上述海宝挂件79670只(系销售后返修)。上述海宝挂件销售期间，吴甲、涂某某合谋从上海市城隍庙和浙江省义乌市等处购入印有"上海世博会会徽"、"海宝形象"注册商标标志的纸片、纸盒进行单独销售，并事后告知了周某某。2010年6月24日，公安人员在吴甲、涂某某租住的房屋内查获尚未销售的上述纸片、纸盒30万件。

原审法院认定上述事实的证据有，被告人吴甲、周某某、涂某某关于生产、销售无注册商标的"5cm海宝毛绒玩具挂件"及购买、销售印有"上海世博会会徽"、"海宝形象"注册商标标志的纸片、纸盒的供述；证人金某某、费某、闻某某、吴乙关于周某某自2010年3月起租赁江苏省昆山市周市镇海鹏路某号房屋用于生产上述海宝挂件的证言及辨认笔录；证人吴玲红关于其自2010年3月起将上海市盆汤弄某号底楼房屋出租给吴甲，并目击房屋内存放上述海宝挂件的证言及辨认笔录；证人杨文祥关于其从吴甲处购进上述纸片、纸盒的证言及辨认笔录；房屋租赁合同；上海市公安局搜查证、搜查笔录、扣押物品清单、缴获赃物及照片；三名被告人制作的发货、销售汇总表、报价单；"上海世博会会徽"、"海宝形象"商标注册证、上海世博会世博局委托函、上海世博会特许产品经营办公室出具的证明；关于三名被告人到案的工作记录等。

上海市黄浦区人民法院认为，1、《中华人民共和国刑法》第二百一十七条第(一)项虽未列明"美术作品"，但根据作品平等保护原则，美术作品作为法定的作品类型，应与文字、音乐、电影、电视、录像、计算机软件等作品受到平等保护，故本案涉及的海宝形象美术作品应属于该法律条文所规定的"其他作品"范畴。被告人吴甲、周某某、涂某某以营利为目的，未经著作权人许可，生产海宝形象美术作品的玩具挂件并对外销售，系复制发行相关美术作品的行为；现查明三名被告人已生产涉案海宝挂件729400只，除尚未销售即被查获的6000只外，其余均已销售，三名被告人的行为均已构成侵犯著作权罪，且属"有其他特别严重情节"，依法应予刑事处罚。三名被告人共同实施侵犯著作权的行为，应按共同犯罪论处。2、被告人吴甲、涂某某合谋购入非法制造的注册商标标识并单独对外销售，现被查获上述商标标识30万件，且涉及两种注册商标，吴甲、涂某某的行为均已构成销售非法制造的注册商标标识罪，且属"情节特别严重"，依法应予刑事处罚。上述商标标识尚未销售即被查获，系由于吴甲、涂某某意志以外的原因而未得逞，属犯罪未遂，可比照既遂犯减轻处罚。吴甲、涂某某共同实施销售非法制造的注册商标标识的行为，应按共同犯罪论处。3、被告人吴甲、涂某某分别构成侵犯著作权罪、销售非法制造的注册商标标识罪，依法应对吴甲、涂某某数罪并罚。4、被告人吴甲、涂某某系在销售上述海宝挂件过程中另行合谋购入上述商标标识并单独对外销售，被告人周某某与吴甲、涂某某事前无共谋，也没有实施或共同参与销售上述商标标识的行为，亦未从该违法所得中获取利益，其仅是事后得知此事，故不能认定周某某与吴甲、涂某某之间具有共同销售上述商标标识的故意且实施了上述犯罪行为。故原审法院对公诉机关指控周某某犯销售非法制造的注册商标标识罪不予认定。5、三名被告人的辩护人关于三名被告人悔罪态度较好的意见，经查与事实相符，原审法院予以采纳。但三名被告人的具体犯罪情节及量刑幅度，均并不符合缓刑的适用条件。

据此，依照《中华人民共和国刑法》第二百一十七条第(一)项、第二

百一十五条、第二十三条、第二十五条第一款、第六十九条、第六十四条，《最高人民法院、最高人民检察院关于办理侵犯知识产权刑事案件具体应用法律若干问题的解释(二)》第一条、第四条，《最高人民法院、最高人民检察院关于办理侵犯知识产权刑事案件具体应用法律若干问题的解释》第三条第二款第(二)项之规定，对被告人吴甲犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；犯销售非法制造的注册商标标识罪，判处有期徒刑一年，并处罚金人民币五千元。决定执行有期徒刑四年六个月，并处罚金人民币八万元；对被告人周某某犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；对被告人涂某某犯侵犯著作权罪，判处有期徒刑四年，并处罚金人民币七万五千元；犯销售非法制造的注册商标标识罪，判处有期徒刑一年，并处罚金人民币五千元。决定执行有期徒刑四年六个月，并处罚金人民币八万元；对被告人吴甲、周某某、涂某某的违法所得，追缴后予以没收；对查获的涉案海宝毛绒玩具挂件、注册商标标识，均予没收。

上海市黄浦区人民检察院抗诉提出，原审判决仅对被告人周某某以侵犯著作权罪予以定罪处罚，而对周某某构成销售非法制造注册商标标识罪不予认定，属于事实认定有误，运用法律不当，影响量刑。上海市黄浦区人民检察院认为，首先，被告人周某某具有销售非法制造的注册商标标识的共同故意，且其对销售非法制造的世博会标识是"事中明知"，而非"事后得知"。其次，被告人周某某在销售非法制造的注册商标标识犯罪活动中属共犯。再次，原审判决对被告人周某某在销售非法制造的注册商标标识犯罪活动中的作用、地位的错误评价，导致罪行的漏判。

上海市人民检察院第二分院认为，原审判决未认定周某某构成销售非法制造的注册商标标识罪共犯，存在认定事实、适用法律错误，导致量刑不当，上海市黄浦区人民检察院的抗诉理由成立，建议本院依法纠正。

原审被告人吴甲、涂某某述称，非法制造的注册商标标识是与所售海宝玩具等配套销售，并非单独销售。购买非法制造的注册商标标识系两人之间商量决定，在购买、销售非法制造的注册商标标识前后，两人均未与周某某联系过。

原审被告人周某某对原审判决无异议，述称其事前并无销售非法制造的注册商标标识的共谋，事后亦无获利，故不构成销售非法制造的注册商

标标识罪。且涂某某仅曾电话告知其他人销售假冒海宝毛绒玩具等产品具有包装，并未告知其需单独销售非法制造的注册商标标识。

本院经审理查明的事实和证据与原判相同。

本院认为，原审被告人吴甲、周某某、涂某某以营利为目的，未经著作权人许可，生产海宝形象美术作品的玩具挂件并对外销售，属于复制发行相关美术作品的行为，三名原审被告人的行为均已构成侵犯著作权罪，依法应予惩处。原审被告人吴甲、涂某某还合谋购入非法制造的注册商标标识并单独对外销售，其行为又均构成销售非法制造的注册商标标识罪，依法亦应予以惩处，且两罪并罚。经查，本案原审被告人吴甲、周某某、涂某某于2010年2月以营利为目的，各出资人民币1万元，在未经著作权人许可的情况下，合谋共同投资生产、销售上海世博会吉祥物暨特许产品海宝美术形象的挂件等商品。但上述三名原审被告人的合谋内容中并不包含销售非法制造的注册商标标识，也没有证据表明三名原审被告人共同对单独销售世博会会徽或海宝标识的纸片、纸盒等非法制造的注册商标标识进行通谋。即使原审被告人周某某事后得知原审被告人吴甲、涂某某销售非法制造的注册商标标识，亦难以认定原审被告人周某某与原审被告人吴甲、涂某某之间具有共同销售上述注册商标标识的故意。且原审被告人周某某客观上没有实施参与销售非法制造的注册商标标识行为，亦未从该违法所得中获取利益。仅凭三名原审被告人共同出资、共同分成的约定，也无法推定原审被告人周某某从销售非法制造的注册商标标识的行为中获取了利益。因此，在本案中尚缺乏充足的证据认定原审被告人周某某与原审被告人吴甲、涂某某结伙合谋、共同参与完成了销售非法制造的注册商标标识。综上，原审法院所作的判决事实清楚，证据确实、充分，定罪准确，且审判程序合法，可予维持。依照《中华人民共和国刑事诉讼法》第一百八十九条第(一)项之规定，裁定如下：

驳回抗诉，维持原判。

本裁定为终审裁定。

审　判　长　　李国泉
代理审判员　　陈姣莹
代理审判员　　何　渊

二〇一一年九月二十九日

书 记 员　　李晶晶

附：相关的法律条文

《中华人民共和国刑事诉讼法》

第一百八十九条　第二审人民法院对不服第一审判决的上诉、抗诉案件，经过审理后，应当按照下列情形分别处理：

(一)原判决认定事实和适用法律正确、量刑适当的，应当裁定驳回上诉或者抗诉，维持原判；

……。