UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* |
| Date | March 14, 2022 |

Present: The Honorable  PATRICIA DONAHUE, U.S. MAGISTRATE JUDGE

| Isabel Martinez | Court Smart 3/14/2022 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Stephen C. Steinberg<br>Gabriella A. Wilkins | Larry Sandell<br>Lei Mei |

**Proceedings:**  Discovery Dispute (via Zoom)

The case is called and appearances are made.

The Court has reviewed the parties' joint e-mail to the Court dated March 10, 2022 outlining discovery disputes in this matter. A copy of that e-mail is attached hereto.

The Court's prior orders in this case have set forth the relevant law and the background of this case.

At the hearing, the Court addressed each of the disputes in detail. In summary, the Court concludes as follows:

**Issue 1:** Plaintiff has noticed the deposition of Defendant Andy Chou, who is a Chinese national, as an individual and representative of the entities pursuant to Fed. R. Civ. P. 30(b)(6) on March 30 and 31, 2022, in Singapore. Defendants have provided Plaintiff and the Court with the rules promulgated by the government of China regarding the re-entry of Chinese nationals into mainland China from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03056-DSF-PDx | Date | March 14, 2022 |
|---|---|---|---|
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

Singapore. Defendants represent that based on those rules, Mr. Chou must take a direct flight from Singapore to mainland China after he completes his deposition in Singapore. Defendants represent that no direct flights from Singapore to mainland China in March or April 2022 have available seats, and that Mr. Chou booked a direct return flight for May 5, 2022, to ensure that his deposition could proceed, and he offered April 26 and 27, 2022 as deposition dates. Defendant CJ also offered to purchase any earlier direct return flight that Plaintiff could find. Plaintiff has found many non-direct flight options from Singapore to mainland and contends that the Chinese government's travel restrictions do not necessarily require Chinese nationals to take a direct flight from Singapore to mainland China. Plaintiff argues that it will be prejudiced if it cannot depose Mr. Chou until late April because that is so close to the discovery cutoff date, which is May 6, 2022.

The Court has reviewed the Chinese government's travel rules cited by Defendants and finds that one interpretation of those rules is that Chinese nationals returning to mainland China from Singapore must fly directly. The alternative interpretation offered by Plaintiff is also plausible. Since the rules are ambiguous, the Court will not order Mr. Chou to appear in Singapore for a deposition on March 30 and 31, 2022, over one month before he could be able to fly home to mainland China. If Plaintiff finds a direct flight from Singapore to mainland China earlier than May 5, 2022, then Mr. Chou is ordered to appear in Singapore for his deposition on a date consistent with the earlier return date. The parties are ordered to work together to determine whether an earlier direct flight from Singapore to mainland China is available.

If Plaintiff wants to depose Mr. Chou on the noticed date or any date earlier than the week of April 25, 2022, Plaintiff may take the deposition virtually, with Mr. Chou in Macau. If Plaintiff chooses this option, Defendants are ordered to cooperate with Plaintiff to facilitate the deposition. If Plaintiff chooses to depose Mr. Chou in person, then Plaintiff must do so within the reality of the ongoing

|  | : | 45 |
|---|---|---|
| Initials of Preparer | | IM |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03056-DSF-PDx | Date | March 14, 2022 |
|---|---|---|---|
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

pandemic and the resulting and evolving travel regulations that apply to the witnesses. This Court has found that Plaintiff has established its entitlement to take the depositions of Mr. Chou and three other individuals in person. However, the legal standards are not the only factors governing depositions of foreign nationals residing in a foreign country. In light of the pandemic and resulting travel restrictions, Plaintiff may choose to conduct the deposition of Mr. Chou remotely earlier than the dates when Mr. Chou can feasibly be in Singapore to be deposed in person. As set forth above, Plaintiff may also choose the in-person option in Singapore during the week of April 25, 2022.

**Issue 2**: Based on the information provided by Plaintiff in connection with this and other discovery disputes, the Court finds that Plaintiff is entitled to the identity of Defendants' IT director[s] and/or coordinator[s] who handled any of the searches for or collection of documents responsive to the Plaintiff's discovery requests. Defendants are ordered to provide that information by **March 16, 2022**.

If Plaintiff chooses to depose that individual[s] in person, the parties are ordered to work together in the same manner as ordered above regarding Mr. Chou to accomplish an in-person deposition[s] in Singapore during the same time frame as the deposition of Mr. Chou, if that is feasible. Plaintiff may also choose to depose that individual[s] virtually on an earlier date, with the deponent[s] in Macau.[1] If Plaintiff chooses to conduct the deposition[s] remotely, the parties are ordered to work together regarding the logistics.

---

[1] As discussed in the Court's Order dated February 11, 2022 [Dkt. No. 147], Plaintiff sought to take the depositions in person. Defendants' position was that the depositions be conducted remotely by counsel, with the witnesses in Macau. [Id.] Noticed deponents Wang Huiyun, Gen Uy Wu, and "Gringer,' also known as Xinhui Lou, submitted declarations that they would quit their jobs rather than travel to Singapore or the United

| | : | 45 |
|---|---|---|
| | Initials of Preparer | IM |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03056-DSF-PDx | Date | March 14, 2022 |
|---|---|---|---|
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

**Issue 3**: Based on the information provided by Plaintiff in connection with this and other discovery disputes, the Court finds that Plaintiff is entitled to the identity of Defendants' IP enforcement director or other individual[s] with knowledge about the issues raised by Plaintiff. Defendants are ordered to disclose that information by **March 16, 2022**. If Plaintiff chooses to depose that individual[s] in person, the parties are ordered to work together in the same manner as ordered above regarding Mr. Chou to accomplish an in-person deposition[s] in Singapore during the same time frame as the deposition of Mr. Chou, if that is feasible. Plaintiff may also choose to depose that individual[s] virtually on an earlier date, with the deponent[s] in Macau. If Plaintiff chooses to conduct the deposition[s] remotely, the parties are ordered to work together regarding the logistics.

If, after the discovery conference and after reviewing this order, either party chooses to file a motion to compel regarding any of the disputed issues, the motion must be filed by **March 17, 2022**. The opposition must be filed by **March 21, 2022**, and an optional reply by **March 23, 2022**. The memorandum of points and authorities for the motion and opposition may not exceed 10 pages, and may not exceed 5 pages for any reply. The Court would take the matter under submission without oral argument after the deadline passes for the reply. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

---

States to avoid increased COVID-19 exposure and be subjected to quarantine requirements. [Id.]

| | : | 45 |
|---|---|---|
| | Initials of Preparer | IM |