UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

| | |
|---|---|
| Present: The Honorable | PATRICIA DONAHUE, U.S. MAGISTRATE JUDGE |

| | |
|---|---|
| Isabel Martinez | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Motion Pursuant to Fed. R. Civ. Proc. 37 [Dkt. No. 189]**

Before the Court is the motion by Plaintiff Juul Labs, Inc. pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Motion"). Plaintiff filed the Motion following a protracted dispute with Defendants Andy Chou, Yiwu Cute Jewelry Co., Ltd., Yiwu Xite Jewelry Co., Ltd., CJ Fulfillment Corp., CJ Trade Corp., and Yiwu Promotional Trade Co., Ltd. ("Defendants") regarding the location and logistics of the deposition of Defendant Andy Chou individually and as a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Motion seeks evidentiary sanctions, a contempt order, and imposition of fees and costs. In its Reply, Plaintiff withdraws the requests for evidentiary sanctions and contempt, but maintains its request for fees in the amount of $124,612 and costs in the amount of $9,650.38. [Dkt. No. 191-1 ¶ 13.]

The Court has addressed this dispute at informal discovery conferences and has reviewed all of the parties' submissions in connection with this dispute. [Dkt. Nos. 189–192.] For the reasons set forth below, the Motion is denied.

: 

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

## I. Pertinent Background

On January 10, 2022, Defendants filed a motion for a protective order requiring that the depositions noticed by Plaintiff of five witnesses who are citizens of the People's Republic of China ("PRC") and reside there, take place remotely in Macau rather than the locations noticed by Plaintiff. [Dkt. No. 132.] On February 11, 2022, the Court partially granted the motion, ordering that the deposition of Lynn Lee take place in Macau and that the depositions of Defendant Chou and three other individuals take place in Singapore. [Dkt. No. 147.] The parties subsequently engaged in disputes about the timing and travel arrangements for the depositions of Chou individually and as a Rule 30(b)(6) witness (the "Chou deposition").

Plaintiff submits the Declaration of its counsel Gabriella Wilkins describing the disputes. [Dkt. No. 189-2 ¶¶ 3-24.] According to the Wilkins' Declaration, Plaintiff's counsel raised the deposition scheduling issue "briefly" during a meeting with Defendants' counsel about other discovery issues on February 24, almost two weeks after the Court's order. [Id. ¶ 4.] Wilkins declares that Defendants' counsel stated that Chou had already started the process of applying for his visa to travel to Singapore. [Id.] Wilkins further declares that at a meeting with Defendants' counsel the following day, February 25, Plaintiff's counsel proposed that Chou be deposed in Singapore on March 30-31 and explained that the Chou deposition could not be put off until late April based on the District Judge's Scheduling Order. Wilkins declares that Defendants' counsel agreed that the Chou deposition could not wait until late April, but could not commit to the proposed dates until Chou determined when he would obtain his visa to Singapore, which, Defendants' counsel reiterated Chou was already working on; and Defendants' counsel instructed Plaintiff's counsel to serve amended deposition notices for March 30 and 31. [Id. ¶ 5.] On March 3, Plaintiff served Defendant with amended notices to depose Chou in Singapore on March 30 and 31. [Id. ¶ 6; Dkt. Nos. 189-4, 189-5.]

:

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

Plaintiff also submits the declaration of its counsel Stephen Steinberg that in the February 24 and 25 conference calls, Defendants' counsel stated that Chou had already started the process of applying for his visa to travel to Singapore, and that when Plaintiff's counsel proposed March 30 and 31, Defendants' counsel stated that those dates "should work" for Chou and they told Plaintiff's counsel to serve amended deposition notices for those dates. [Dkt. No. 191-1 ¶ 14.]

Defendants submit the declaration of their previous counsel Lei Mei. [Dkt. No. 190-2.] Mei declares that during both the February 24 and February 25 meetings, no Defendants' counsel represented to Plaintiff's counsel that Chou had already started the process of applying for his visa to travel to Singapore. Mei further declares that during both meetings, Defendants' counsel did inform Plaintiff's counsel that Chou started seeking advice from his travel agent regarding how to get his visa to travel to Singapore. [Id. ¶¶ 3-4.] Defendants also submit the declaration of their previous counsel Laurence Sandell, which states that during the February 24 and 25 meetings, no Defendants' counsel represented to Plaintiff's counsel that Chou had already started the process of applying for his visa to travel to Singapore. [Dkt. No. 190-3 ¶ 7(a).] Sandell further declares that at those two meetings, no Defendants' counsel confirmed with Plaintiff's counsel that Chou would <u>definitely</u> be available for deposition on March 30 and 31 in Singapore; and that Defendants' counsel indicated that the proposed dates <u>should</u> work for Chou but that counsel could not confirm until his visa was processed. [Id. ¶ 7(b) (emphasis in original).] Sandell further declares that no Defendants' counsel ever instructed Plaintiff's counsel to serve amended deposition notices for March 30-31, 2022. [Id. ¶ 7(c).]

Neither party submits a contemporaneous email or letter in which it confirmed its understanding of the discussions on February 24 and 25 with opposing counsel.

: 

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

During a March 8, 2022 informal discovery conference addressing other discovery disputes between the parties, Plaintiff's counsel stated that the depositions in Singapore had been scheduled for March 30 to April 1. [Dkt. No. 153 at 30:22-24.] Defendants' counsel responded that Chou was unable to purchase airline tickets to travel from China to Singapore for those dates, and that April 26 and 27 were the earliest that Chou could purchase tickets in light of the worsening COVID situation in Asia and a new seven-day quarantine in Singapore required before returning to the PRC. [Id. at 31:13-20, 32-33.] Plaintiff's counsel responded that this was the first instance in which they learned from Defendants' counsel that Chou would not appear in Singapore on March 30-31. [Id. at 33:17-19.] The Court reminded the parties that issue was not properly before the Court, having not been presented in a joint e-mail prior to the conference pursuant to its procedures. [*Id.* at 33:23-34:7.] On March 8, Defendants' counsel sent Plaintiff's counsel an email stating:

> Regarding Mr. Chou's deposition in Singapore, the worsening of the COVID-19 pandemic in Asia has raised some significant issues as many return flights from Singapore to China have been cancelled. We offer Mr. Chou for deposition (personal and 30(b)(6)) in Singapore on April 26 and April 27.
>
> (a) It is our understanding that China now requires a 7-day quarantine in Singapore before re-entry to mainland China is permitted.
>
> (b) Mr. Chou was able to purchase a May 5, 2022, return ticket; he did so to ensure that the deposition could go forward before the end of discovery.

[Dkt. No. 190-3 ¶ 9, 46.] This email also contained a third paragraph to which Plaintiff objects. [Dkt. No. 191-2.] The objections are discussed below.

______ : ______

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
|---|---|---|---|
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

On March 9, 2022, the parties met and Plaintiff 's counsel informed Defendants' counsel that they had found various flights between Singapore and the PRC, with layovers, in late March and early April. [Dkt. No. 189-2 ¶ 7.] Defendants' counsel responded that according to Chou and his travel agent, flights returning to the PRC had to be direct, and there were no direct flights earlier than the May 5 flight that Chou had booked. [Id.] The parties disputed whether a direct flight was required, and Defendants agreed to produce Chou at an earlier time if Plaintiff found an earlier direct return flight. [Id. ¶ 8; Dkt. No. 190-3 ¶ 6.]

During the March 14, 2022 conference, the parties debated whether the Chinese government's recent updates to its travel and COVID testing regulations, posted on the website of the Chinese government's embassy in Singapore, required that Chinese nationals returning from Singapore to the PRC take a direct flight. Plaintiff asserted that regardless, it had found direct flights and presented them to counsel that morning prior to the conference. [Dkt. No. 170 at 5:23-6:16, 28:19-21.] Following the conference, the Court issued an order that stated in part:

> Since the [flight restrictions] are ambiguous, the Court will not order Mr. Chou to appear in Singapore for a deposition on March 30 and 31, 2022, over one month before he could be able to fly home to mainland China. If Plaintiff finds a direct flight from Singapore to mainland China earlier than May 5, 2022, then Mr. Chou is ordered to appear in Singapore for his deposition on a date consistent with the earlier return date. The parties are ordered to work together to determine whether an earlier direct flight from Singapore to mainland China is available.
>
> If Plaintiff wants to depose Mr. Chou on the noticed date or any date earlier than the week of April 25, 2022, Plaintiff may take the deposition virtually, with Mr. Chou in Macau. If Plaintiff chooses this option, Defendant is ordered to cooperate with Plaintiff to facilitate the

:

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
|---|---|---|---|
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

> deposition. If Plaintiff chooses to depose Mr. Chou in person, then Plaintiff must do so within the reality of the ongoing pandemic and the resulting and evolving travel regulations that apply to the witnesses. This Court has found that Plaintiff has established its entitlement to take the depositions of Mr. Chou and three other individuals in person. However, the legal standards are not the only factors governing depositions of foreign nationals residing in a foreign country. In light of the pandemic and resulting travel restrictions, Plaintiff may choose to conduct the deposition of Mr. Chou remotely earlier than the dates when Mr. Chou can feasibly be in Singapore to be deposed in person. As set forth above, Plaintiff may also choose the in-person option in Singapore during the week of April 25, 2022.

[Dkt. No. 155 at 2.]

After the conference, the parties met and Plaintiff conveyed the results of its search for direct flights. While counsel for Defendants initially disputed purchasing a ticket it deemed too expensive, on March 16 the parties agreed that Defendants would purchase a return flight from Singapore for Chou for April 13, 2022, so that the Chou deposition could begin in Singapore on March 30. [Dkt. Nos. 189-2 ¶¶ 12-14; 189-12.] The parties agree that Defendants' counsel stated he was unable to purchase a ticket and that if Plaintiff did purchase the ticket, it would be reimbursed. There is no claim that Defendants failed to reimburse Plaintiff for the cost of this flight. [Dkt. No. 190-3 ¶ 6.] On March 17 and 18, Plaintiff's counsel made travel plans and incurred expenses, including booking flights for counsel to fly to Singapore and reserving a Mandarin interpreter, court reporter, videographer, conference room, and hotel rooms. [Dkt. Nos. 189-2 ¶¶ 15-17; 189-13.] On March 17, Defendants asked Plaintiff if the Chou deposition could be moved to April 4 and 5, and Plaintiff responded that it could not move the dates because Plaintiff's counsel already had booked their flights and their other

arrangements already had been made. [Dkt. No. 189-13.] Plaintiff also asked that Chou be produced for a third day of deposition [Id.], to which Defendants agreed. [Dkt. No. 189-14.]

Defendants submit an email dated March 18 in which Defendants' attorney Mei advised Plaintiff's counsel that based on the worsening COVID situation and partial shutdown in Shanghai where Chou "needs to apply for his Singapore visa, I write to alert you that we are concerned that Mr. Chou may not be able to get his Singapore visa in time to arrive in Singapore before March 30." The email further states that several visa providers "are in lockdown", that it typically takes one week to acquire the visa, and that "[a]s the COVID situation is worsening in Asia and flights are frequently canceled, we ask for your cooperation and understanding as we are all making travel arrangements for Mr. Chou's deposition in Singapore." [Dkt. No. 190-2 ¶ 7, 12.] Neither party provided Plaintiff's response, if any, to this email, and Plaintiff objects to this email and the corresponding paragraph in the Mei Declaration on evidentiary grounds. Plaintiff does provide an email to Defendants dated March 20 in which Plaintiff states "[n]ow that the March 30-31 dates are confirmed" and Defendants March 21 email agreeing to reserve April 1 for a third day of deposition. [Dkt. No. 189-14.]

On March 25, 2022, Plaintiff was notified by Defendants' new counsel that they had just received notice that Chou's application for a visa to travel to Singapore had been rejected. [Dkt. No. 189-15 at 4.] Defendants' counsel stated that Chou's trip to Singapore was finalized on March 18 and that Chou's travel agent had submitted the visa application on March 23. [Dkt. No. 189-15 at 3.] Defendants subsequently told Plaintiff that Chou's visa had been denied because he had a criminal record.[1]

---

[1] That Chou has at least one previous conviction is a fact already known to Plaintiff. [*See* Dkt. No. 103 at 20.]

On March 30, 2022, the Court conducted an informal discovery conference, during which the parties argued over the timing of Chou's visa application. Plaintiff argued that Defendants had known since February 11 that Chou would have to travel to Singapore and that Defendants waited until March 23, just one week before the scheduled deposition, to apply for the visa. Plaintiff argued that this evidence showed that Defendants never intended that Chou appear for a deposition in Singapore. Defendants responded that Chou had properly applied for the visa promptly after his travel arrangements were confirmed on March 18. The Court ordered the parties to work together to accomplish the depositions by the May 6 discovery cutoff and set a briefing schedule for the instant Motion. [Dkt. No. 174.]

The parties finally agreed to depose Chou on April 14 and 15 in Macau. [Dkt. No. 189-2 ¶ 24.] However, Defendants informed Plaintiff that Chou's permit to travel to Macau, which he applied for on March 27, might take up to 20 days. [Id.] According to Plaintiff, a permit from the PRC to Macau only took a few days for three other China-based deponents. [Id.] On April 13, Defendants informed Plaintiff that Chou submitted additional documents and on April 18, received a permit to travel to Macau. However, Plaintiff claims that Defendants refused to produce Chou until April 25. [Id.]

Chou appeared in Macau and a remote deposition was completed on April 25-27, 2022.

## II. Applicable Law

Rule 37(b)(2)(C) provides that if a party or a witness designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery, the court "must order the disobedient party, the attorney advising that party, or both to pay the

______ : ______

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Rule 37(d) provides that if a party or witness designated under Rule 30(b)(6) fails to appear for a properly noticed deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). The party contesting the discovery sanction under Rule 37 bears the burden of establishing substantial justification or that other circumstances make an award of expenses unjust. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The Supreme Court has explained that the substantial justification standard is "satisfied if there is a 'genuine dispute'… or 'if reasonable people could differ as to the appropriateness of the contested action.' " *Pierce v. Underwood*, 487 U.S. 552, 565 (1998) (citations and alterations omitted). In *Hyde*, the Ninth Circuit stated that "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification ….' " 24 F.3d at 1171 (citation omitted).

## III. Discussion

### A. Evidentiary Objections

Plaintiff submits evidentiary objections to Paragraph 7 of the Mei Declaration and the email referenced therein, which is attached to the declaration as Exhibit B-2; to Paragraph 9 of the Sandell Declaration and the email referenced therein, which is attached to that declaration as Exhibit C-2; and to Exhibits D and E to Defendants' opposition. [Dkt. No. 191-2.] Plaintiff provides no authority regarding whether, or the extent to which, the Federal Rules of Evidence apply to a motion for fees and costs under Rule 37. The Court has not found Ninth Circuit authority on this specific issue. Defendants cite authority from other circuits and district courts that the Federal Rules of Evidence do not necessarily apply. *See*

:

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

*Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 901 (8th Cir. 2009) (holding that, "[w]hile the Federal Rules of Evidence do not necessarily apply in the context of a motion for sanctions, evidence relied upon must, at a minimum, bear indicia of reliability"); *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 66 n.5 (1st Cir. 2008) ("We do not suggest that the rules of evidence necessarily apply to factfinding in the context of sanctions. That is not the case."); *see also Universe Sales Co. v. Silver Castle. Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999) (Fed. R. Civ. P. 44.1 allows a court to consider any relevant material in determining foreign law, even material inadmissible under Federal Rules of Evidence).

The portion of the Mei Declaration and underlying email to which Plaintiff objects states,

> As it [the email] shows, on March 18, I advised Plaintiff's counsel that "[d]ue to the worsening COVID situation and partial shutdown in Shanghai where Andy Chou needs to apply for his Singapore visa, I write to alert you that we are concerned that Mr. Chou may not be able to get his Singapore visa in time to arrive in Singapore before March 30." I also asked for Plaintiff's cooperation and understanding in the same email. As the COVID situation is worsening in Asia and flights are frequently canceled, we ask for your cooperation and understanding as we are all making travel arrangements for Mr. Chou's deposition in Singapore."

[Dkt. No. 191-2 at 2.] Plaintiff objects based on lack of foundation/authentication, hearsay, and lack of personal knowledge. Regarding lack of foundation, Mei declares that a true and correct copy of the email is attached to his declaration. [Dkt. No. 190-2 ¶ 6.][2] "To satisfy the requirement of authenticating or identifying

---

[2] Exhibit B-2 to the Mei Declaration includes an email string with (a) a March 17 5:13 pm email from Wilkins to Lei seeking confirmation that Chou will need a Mandarin

: 

Initials of Preparer IM

an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The email is properly authenticated and Plaintiff's objection on that basis is overruled. The Court also finds based on the Mei Declaration that the email bears sufficient indicia of reliability.

Plaintiff does not explain its hearsay objection. The Court concludes that Plaintiff objects to the consideration for the truth of the matter asserted, and asserts that Mei lacks personal knowledge of the statements in the email regarding the COVID situation and partial shutdown in Shanghai where Chou needs to apply for his Singapore visa. To the extent these statements along with the rest of the email are offered to show their effect on the listener and to demonstrate Defendants' efforts to work with Plaintiff to accomplish the Chou deposition in Singapore, the Court will consider them for those purposes. Although Plaintiff has not shown that the Federal Rules of Evidence apply to the instant motion, the Court will not consider these statements for the truth of the matter asserted.

Plaintiff also objects to the statement in the Sandell Declaration that "[o]ur understanding is that the visa Mr. Chou needs to enter Singapore is likely only valid for 35 days from issuance. Accordingly, Mr. Chou's travel agent has counseled against obtaining the Visa before a return flight is booked. He will be

---

interpreter, (b) a March 17 8:30 p.m. response from Mei that Chou will need the interpreter, (c) a March 17 10:39 p.m. email from Mei asking whether the Chou deposition can be moved to April 4 and 5, and (d) the objected-to email dated March 18 at 6:57 a.m. [Dkt. No. 190-2 at 12.] Exhibit 11 to the Wilkins Declaration contains (a), (b) and (c), but not (d). [Dkt. No. 189-13.] Plaintiff does not explain its objection based on lack of foundation/authentication and does not allege that it did not receive the objected-to email. Plaintiff may not have included it because Plaintiff objects to its admission. In any event, the Court finds that the Mei Declaration properly authenticates the email.

applying for the Singapore visa accordingly." [Dkt. No. 191-2 at 3.] For the same reasons as set forth above, the objection based on lack of foundation is overruled, as Defendants have authenticated the email, and in any event, it bears indicia of reliability. To the extent these statements along with the rest of the email are offered to show their effect on the listener and to demonstrate Defendants' efforts to obtain the visa, the Court will consider them for those purposes. Although Plaintiff has not shown that the Federal Rules of Evidence apply to the instant motion, the Court will not consider the statements for the truth of the matter asserted.

Plaintiff further objects to the two emails submitted as Exhibits D and E to Defendants' opposition that purport to be Chou's appeal of his visa denial and the response thereto. [Dkt. No. 191-2 at 3.] Defendants do not authenticate these emails; Defendants provide no declarations or other evidence sufficient to support a finding that these emails are what Defendants claim they are. Accordingly, Plaintiff's authenticity objection is sustained and the Court will not consider these exhibits.

### B. Plaintiff's Request for Fees and Costs

Plaintiff seeks costs and fees pursuant to Rule 37(b)(2)(C) and (d)(3) on the grounds that Defendants willfully violated the Court's February 11, 2022 Order that Chou be deposed in person in Singapore, that Chou failed to appear for a duly noticed deposition in Singapore on March 30, and the Court's Order that Chou appear in person in Singapore for a deposition prior to the discovery cutoff.

#### i. Defendants' Noncompliance with the Orders was not Willful or in Bad Faith

The record establishes that Chou did not appear for his deposition in Singapore. However, the record also shows that Defendants' noncompliance with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

the Court's order that the Chou deposition take place in Singapore was not willful or in bad faith. All that is required to demonstrate willfulness or bad faith is "disobedient conduct not shown to be outside the control" of the noncompliant party. *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Plaintiff relies upon *Sec. & Exch. Comm'n v. Hong*, 2021 WL 4803497, at *7 (C.D. Cal. Sept. 17, 2021), in which the court cited the standard in *Henry* and found that Defendants, who resided in the PRC, willfully violated the Court's order to appear for depositions in Hong Kong. The factors demonstrating disobedient conduct not shown to be outside the noncompliant party's control in *Hong* are not present here. In *Hong*, over a year into the pandemic the Defendants had agreed to be deposed in Hong Kong, which is 24 miles from their home, had not shown how travel restrictions had worsened since they agreed to appear in Hong Kong, which at the time was referred to as a "zero-Covid-19" economy, did not provide evidence that they were denied travel to Hong Kong or "that they even attempted such travel," and emphasized the health risks of traveling during a pandemic as the reason why they could not travel to Hong Kong for their depositions. *Id.* at *3, 5. Based on that record, the Court found that it was well within Defendants' control to appear for the depositions in Hong Kong. *Id.* at 5.[3]

Plaintiff argues that the evidence here shows that "Defendants repeatedly made false claims about Mr. Chou's inability to travel to Singapore, and then waited to apply for his visa until it was too late." [Dkt. No. 191 at 10.] The record belies this claim and distinguishes this case from *Hong*. The declarations and

[3] Plaintiff's reliance on *Shapiro v. Alvarado*, 2015 WL 3752347, at *2-3 (C.D. Cal. Apr. 20, 2015) [Dkt. No. 189 at 24] is likewise misplaced. In *Shapiro*, the pro se plaintiff repeatedly failed to appear at his deposition or even to notify the opposing parties that he would not be appearing. *Id.* at *1, 2. As detailed above, that is a far cry from the situation here.

: 

Initials of Preparer IM

exhibits submitted by Defendants show good-faith efforts to accomplish Chou's travel to Singapore for the deposition. Specifically, the Sandell Declaration and exhibits set forth Defendants' efforts to book a flight for Chou to travel to Singapore. [Dkt. No. 190-3.] Sandell's March 16 email to Plaintiff's counsel offered seven alternatives to accomplish the Chou deposition. [Id. ¶ 6; 7-9.] Defendants reimbursed the $6,500 expenditure by Plaintiff's counsel for Chou's airline ticket promptly after it was issued. [Id. ¶ 6.] The Sandell Declaration and exhibits also show that Defendants notified Plaintiff about the timing of Chou's visa application on March 8. [Id. ¶ 9; 46.] The Mei Declaration and exhibits show Defendants' active participation with Plaintiff in obtaining a ticket for Chou to travel to Singapore. [Dkt. No. 190-2 ¶¶ 5-7; 11-15.] The declaration and exhibits of Defendants' new counsel Timothy Wang show Defendants' continuing efforts in April to accomplish the deposition, including Chou's application on March 27 for travel documents to Macau as a backup plan. [Dkt. No. 190-1 ¶ 6; 10-23.] This evidence also shows that Defendants repeatedly advised Plaintiff of their concerns regarding matters outside their control regarding travel by a Chinese national from the PRC to another country, and from the beginning Defendants offered Macau as an alternative location. Macau is feasible for several of the same reasons why Hong Kong was a feasible location to depose PRC nationals in *Hong*.

Plaintiff contends that Defendants cannot blame Chou's failure to appear for a deposition in Singapore on COVID shutdowns because Defendants have not proffered evidence of shutdowns where Chou resides in Zhejiang province. [Dkt. No. 189 at 22.] However, Defendants did not claim there was a COVID shutdown where Chou resided. Defendants consistently offered to have Chou travel to Macau to be deposed. Defendants' argument pertained to COVID's impact on Chou's ability to travel outside the PRC to Singapore. Plaintiff also argues that Defendants cannot point to the denial of Chou's visa as beyond their control, as Plaintiff claims that Defendants "lied about having started the application process back on February 24, 2022," and actually waited until March 23 to apply. [Id.] The

parties recollections of the February 24 and 25 conference calls differ slightly, and neither memorialized it. Plaintiff's counsel declares that Defendants' counsel stated that Chou had already started the process of applying for his visa to travel to Singapore. Defendants' counsel declare that they did not make that representation, but that they did inform Plaintiff's counsel that Chou started seeking advice from his travel agent regarding how to get his visa to travel to Singapore. It may be that Plaintiff's counsel interpreted seeking advice from the travel agent regarding how to get the visa as having started the process of applying for the visa. Both parties use inexact language and provide no evidence that during those calls they discussed the visa and travel requirements and logistics in detail or memorialized their understanding in an email or letter after these conference calls. Based on this record, the Court does not find that Defendants' counsel made misrepresentations to Plaintiff's counsel on February 24 and 25, 2022, regarding an application by Chou for a visa to travel to Singapore for his deposition.

The emails between counsel [*see* Dkt. Nos. 189-6, 189-9, 189-10, 189-11, 189-12, 189-13, 189-14, 190-2, 190-3], the joint email from counsel to the Court for informal discovery conferences addressing this issue [*see* Dkt. No. 174] show that Defendants endeavored to make the arrangements necessary for Chou to travel from the PRC to Singapore for a deposition, but that factors outside their control resulted in his nonappearance. Plaintiff faults Defendants' actions and decisions and imputes ill motive and intent to flout the Court's orders, but the correspondence between the parties does not support Plaintiff's allegations and does show that Defendants worked to have Chou travel to Singapore to be deposed and were thwarted by factors outside their control. As the Court advised the parties more than once, the logistics of a deposition in Singapore of a resident and national of the PRC would be affected by the pandemic and its resulting and evolving travel regulations. Accordingly, the Court finds that the noncompliance was not willful or in bad faith.

**ii. Even if the Defendants' Noncompliance with the Orders was Willful, Sanctions Would Not Be Warranted Under Rule 37(d)**

Rule 37(d) provides that if a party or witness designated under Rule 30(b)(6) fails to appear for a properly noticed deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).

**1. Substantially Justified**

Even if Defendants' noncompliance was willful, an award of fees and costs would not be warranted under Rule 37(d) because the noncompliance was substantially justified. A party's conduct is substantially justified "if reasonable people could differ as to whether the party requested must comply." *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982), *overruled on other grounds as stated by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055 n.2 (9th Cir. 2007); *see also Pierce*, 487 U.S. at 565 (1988) (interpreting substantially justified to mean "there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action."). "There is no bright line standard for 'substantial justification,' and courts must use discretion" when deciding whether to impose sanctions under Rule 37. *W Air Charter v. Schemban*, No. CV-17-420-AB (KSx), 2018 WL 6537158, *5 (C.D. Cal. Apr. 9, 2018) (citing *Brown v. Iowa*, 152 F.R.D. 168, 173 (S.D. Iowa 1993)). The purpose of the rule is to "protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 208 (1999).

Here, reasonable people could differ as to the appropriateness of the extent to which Defendants endeavored to accomplish Chou's travel from the PRC to

Singapore for the deposition. Plaintiff argues that Chou and his attorneys incorrectly interpreted PRC travel regulations, failed to pursue flight options with sufficient diligence, and delayed in applying for a visa. Defendants explain that under all of the circumstances, their actions and decisions were sound. The Court concludes that reasonable people could differ on these issues. Moreover, the record does not show that Defendants engaged in delaying or harassing tactics. Based on the entire record of this discovery dispute, the Court finds that the noncompliance was substantially justified.

**2. Other Circumstances Make an Award of Expenses Unjust**

Even if the noncompliance was not substantially justified, an award of fees and expenses would be unjust. Although no finding of willfulness or bad faith is required to impose fees and costs under Rule 37, "good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust." *Hyde & Drath*, 24 F.3d at 1171. The e-mails between counsel [*see* Dkt. Nos. 189-6, 189-9, 189-10, 189-11, 189-12, 189-13, 189-14, 190-2, 190-3] are informative of the nature of the dispute and useful in determining whether awarding fees and costs would be unjust. They show Defendants' counsel to be generally cooperative with Plaintiff's counsel in attempting to work through logistical issues and resolve problems. Defendants' counsel responded to and worked with Plaintiff in efforts to arrange Chou's travel from the PRC to Singapore. They worked to find flights, determined and complied with travel regulations, tried to obtain a visa, and they promptly reimbursed Plaintiff for the airline ticket. When the Singapore travel was not feasible, they worked to have Chou go to Macau to be deposed remotely and he was deposed. Based on the entire record of this discovery dispute, the Court finds that an award of fees and expenses would be unjust.

______ : ______

Initials of Preparer IM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03056-DSF-PDx | Date | May 6, 2022 |
| Title | *JUUL LABS, INC. v. Andy Chou, et al.* | | |

### C. Plaintiff's Prejudice Claim

Plaintiff claims that it has been prejudiced by several aspects of the remote deposition and by the timing of that deposition so close to the discovery cut-off date. To the extent that Plaintiff seeks a remedy from the Court addressing issues that arose during the remote deposition, those arguments are outside the scope of the order authorizing the filing of the instant motion following the informal discovery conference. [Dkt. No. 174.] Accordingly, the Court will not address them.

## IV. Order

Plaintiff withdrew the portion of its motion requesting evidentiary sanctions and a finding that Defendants are in contempt, and those requests are therefore denied as moot. For the reasons set forth above, the remaining request pursuant to Rules 37(b)(2)(C) and 37(d)(3) for fees in the amount of $124,612 and costs in the amount of $9,650.38 is denied. Defendants' motion for leave to file sur-reply [Dkt. No. 192] is granted, and Defendants' Sur-Reply is to be filed. Defendants' request, set forth in the Sur-Reply, to strike the pages in Plaintiff's Reply that exceed the ten-page limit set by the Court is denied.

**IT IS SO ORDERED.**

______ : ______

Initials of Preparer IM