Timothy Wang (*pro hac vice*)
twang@nilawfirm.com
Neal Massand (*pro hac vice*)
nmassand@nilawfirm.com
Steve Moore (*pro hac vice*)
smoore@nilawfirm.com
Tong Jin (*pro hac vice*)
tjin@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

John Karl Buche SBN 239477, *Local Counsel*
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.
2029 Century Park East
Suite 400N
Los Angeles, California 90067
Telephone: 310-593-4193

Attorneys for Defendants,
Andy Chou (aka Lizhi Zhou); Yiwu Cute Jewelry Co., Ltd.; Yiwu Xite Jewelry Co., LTD.; CJ Fulfillment Corp.; CJ Trade Corp.; and Yiwu Promotional Trade Co., LTD (aka Yiwu Promotion Trade Co., LTD.)

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDY CHOU, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-03056-DSF-PDx<br><br>Honorable Dale S. Fischer<br><br>**DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

**[PROPOSED] FINDINGS OF FACT**

1. The U.S. Patent and Trademark Office ("PTO") issued and assigned to Plaintiff JUUL Labs, Inc. the following trademarks: U.S. Trademark Reg. No. 4,818,664; U.S. Trademark Reg. No. 4,898,257; U.S. Trademark Reg. No. 5,770,541; U.S. Trademark Reg. No. 5,776,153; U.S. Trademark Reg. No. 5,918,490; U.S. Trademark Reg. No. 6,064,902; and U.S. Trademark Reg. No. 6,211,614 (collectively, "JUUL Marks").

2. U.S. Trademark Reg. No. 4,818,664 covers goods and services for "[Nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes;] cartridges sold filled with liquid nicotine for electronic cigarettes; [Electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes;] cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Electronic cigarettes; electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes."

3. U.S. Trademark Reg. No. 4,898,257 covers goods and services for "nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes; cartridges sold filled with liquid nicotine for electronic cigarettes; electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; electronic cigarettes; electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes."

4. U.S. Trademark Reg. No. 5,770,541 covers goods and services for "nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes; cartridges sold filled with liquid nicotine for electronic cigarettes; electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill

electronic cigarettes; chemical flavorings in liquid form, and tobacco substitutes in liquid solution form other than for medical purposes; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; electronic cigarettes; electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes; refill cartridges sold empty for electronic cigarettes; electric vaporizers, namely, smokeless vaporizer pipes for the ingestion and inhalation of tobacco and other herbal matter; electric vaporizers for the vaporization of tobacco; processed tobacco pods; pipe tobacco, namely, tobacco for use in electric vaporizers; tobacco, whether manufactured or unmanufactured; smoking tobacco, pipe tobacco, hand rolling tobacco, snus tobacco; tobacco sold in pods."

5. U.S. Trademark Reg. No. 5,776,153 covers goods and services for "nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes; cartridges sold filled with liquid nicotine for electronic cigarettes; electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes; chemical flavorings in liquid form, and tobacco substitutes in liquid solution form other than for medical purposes; cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; electronic cigarettes; electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes; refill cartridges sold empty for electronic cigarettes; electric vaporizers, namely, smokeless vaporizer pipes for the ingestion and inhalation of tobacco and other herbal matter; electric vaporizers for the vaporization of tobacco; processed tobacco pods; pipe tobacco, namely, tobacco for use in electric vaporizers; tobacco, whether manufactured or unmanufactured; smoking tobacco, pipe tobacco, hand rolling tobacco, snus tobacco; tobacco sold in pods."

6. U.S. Trademark Reg. No. 5,918,490 covers goods and services for

"Nicotine liquid used to refill electronic cigarettes and vaporizer cartridges; electronic cigarettes and oral smoker's vaporizer refill cartridges sold with liquid nicotine solutions; electronic cigarette and vaporizer refill liquids, namely, liquid form chemical flavorings used to refill electronic cigarettes and oral vaporizers for smokers; liquid form tobacco substitutes other than for medical purposes; refill cartridges filled with liquid form chemical flavorings for electronic cigarettes and oral vaporizers for smokers; electronic and electric cigarettes and oral vaporizers for smokers; electronic smoking vaporizers, namely, electronic cigarettes and oral vaporizers for smokers; liquid form tobacco substitutes other than for medical purposes for electronic cigarettes and oral vaporizers for smokers; refill cartridges sold empty for electronic cigarettes and oral vaporizers for smokers; electronic oral vaporizers for smokers for the vaporization of tobacco; smoker's articles for electric and electronic cigarettes and vaporizers, namely, cases for electronic cigarettes and oral vaporizers for smokers and electronic cigarette accessories, namely, refill cartridges for electronic cigarettes sold empty, and boxes for electronic cigarettes and oral vaporizers for smokers and electronic cigarette accessories, namely, refill cartridges for electronic cigarettes sold empty; components for electric and electronic cigarettes and oral vaporizers for smokers, namely, atomisers, cartomisers, and clearomisers sold empty for tobacco substitutes."

7. U.S. Trademark Reg. No. 6,064,902 covers goods and services for "Carrying cases, holders, and protective cases featuring power supply connectors, adaptors and battery charging devices adapted for use with handheld electronic devices, namely, electronic cigarettes; Printed materials and publications, namely, user manuals, booklets, and brochures all in the field of electronic cigarettes and vaping technology."

8. U.S. Trademark Reg. No. 6,211,614 covers goods and services for

3

"Carrying cases, holders, and protective cases featuring power supply connectors, adaptors and battery charging devices adapted for use with handheld electronic devices, namely, electronic cigarettes."

9. The JUUL Marks are notorious in the U.S. market.

10. None of the "JUUL Marks" covers goods "USB Charging Docks," "JUUL Portable Chargers," "USB universal magnetic JUUL USB charging cables," and "JUUL mobile phone cases."

11. "USB universal magnetic JUUL USB charging cables" and "JUUL mobile phone cases" were never sold to the United States.

12. Defendants' use of "Juul" in the listings of the "USB universal magnetic JUUL USB charging cables" and "JUUL mobile phone cases" were merely descriptive.

13. Defendants did not infringe JUUL Marks when using "Juul" relating to the "JUUL Portable Chargers," "USB universal magnetic JUUL USB charging cables," and "JUUL mobile phone cases."

14. Through Deng Qiu Han (aka "Celia Yang"), Plaintiff's investigator brought infringing JUUL Devices, JUUL pods, and USB Charging Docks ("Prior Products") from Qian Hu.

15. Defendants also sourced "JUUL Charging Boxes," "JUUL Portable Chargers," "USB universal magnetic JUUL USB charging cables," and "JUUL mobile phone cases," ("New JUUL Products") before but delisted all of them right after receiving the notice of this lawsuit.

16. During its investigation, Plaintiff never sent a cease-and-desist letter to Defendants.

17. Qian Hu was a supplier who fulfill sourcing orders that were placed on Defendants' online dropshipping platform "CJDropshipping.com."

18. CJDropshipping.com lists more than 500,00 products.

19. Celia Yang is Qian Hu's employee.

20. Qian Hu is not Defendants' employee or agent.

21. Celia Yang is not Defendants' employee or agent.

22. When Celia Yang sold Prior Products to Plaintiff's investigator, she was not aware that the Prior Products infringed JUUL Marks.

23. When Defendants sourced Prior Products and New JUUL Products, no Defendants was aware that "Juul" was a brand.

24. Defendants did not willfully infringe JUUL Marks.

25. The lost sale of Plaintiff in total is less than $10,000.

26. Defendants have been taking further steps to combat counterfeiting after being sued by Plaintiff.

## [PROPOSED] CONCLUSIONS OF LAW

1. As a matter of law, Defendants' conduct was not willful because they did not act with knowledge that their conduct constituted infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n. 2 (9th Cir. 1990).

2. As a matter of law, Defendants were not willfully blind because they did not suspect wrongdoing and deliberately fail to investigate. *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007).

3. As a matter of law, Celia Yang was not an agent of Defendants because none of Defendants had the right to control her conduct. *Bultemeyer v. Sys. & Servs. Techs., Inc.*, 2012 U.S. Dist. LEXIS 138859, 2012 WL 4458138, *6 (D. Ariz. 2012).

4. As a matter of law, Celia Yang did not act with apparent authority because there is no showing of an apparent or actual partnership, authority to bind Defendants in transactions with third parties or joint ownership or control over the infringing product. *Symantec Corp. v. CD Micro, Inc.*, 286 F.Supp.2d 1265, 1275 (D. Or. 2003).

5

5. As a matter of law, Celia Yang did not act with the apparent authority of Defendants because (1) Defendants did not, by statements or conduct, intentionally or negligently allows Plaintiff to reasonably to believe the she had authority to act; (2) in dealing with the Celia Yang, Plaintiff was not justified in acting in reliance upon a belief that an agency relationship *existed*; and (3) in reliance upon the *Yang's* apparent authority to act as agent, Plaintiff did not part with something of value. *S.F. Residence Club, Inc. v. Amado*, 773 F. Supp. 2d 822, 830-31 (N.D. Cal. 2011).

6. As a matter of law, the applicable multiplier for damages in this case is 7. *Chanel, Inc. v. Tshimanga*, No. C-07-3592 EMC, 2008 U.S. Dist. LEXIS 118783, at *41 (N.D. Cal. July 15, 2008).

7. As a matter of law, Defendants cannot claim statutory damages based on USB Charging Docks, "JUUL Portable Charger;" "JUUL USB Charging Cable;" and "JUUL Mobile Phone Case" because JUUL Marks do not cover these goods. *Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005).

8. As a matter of law, damages in this case should be assessed at the statury minimum. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003).

Dated: August 30, 2022

By: */s/ Tong Jin*

Timothy Wang (*pro hac vice*)
twang@nilawfirm.com
Neal Massand (*pro hac vice*)
nmassand@nilawfirm.com
Steve Moore (*pro hac vice*)
smoore@nilawfirm.com
Tong Jin (*pro hac vice*)
tjin@nilawfirm.com
NI, WANG & MASSAND, PLLC

Local Counsel
John Karl Buche (SBN 239477)
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 30, 2022, I served the foregoing by ECF.

*/s/ Tong Jin*
Tong Jin